Perlita GARCIA, Appellant,

v.

Emiliano TENORIO, Appellee.

No. 2–01–012–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 7, 2002.

John K. Vaughan, M. Nathan Barbera, Grand Prairie, for appellant.

Law Office of Lonnie C. McGuire, Jr., P.C., Lonnie C. McGuire, Jr., Kelley M. Baxter, Irving, for appellee.

Panel B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Perlita Garcia appeals from the trial court's judgment non obstante veredicto (n.o.v.) denying her petition for bill of review, which sought to set aside a default judgment entered in favor of Appellee Emiliano Tenorio. In a single issue on appeal, Garcia contends that the trial court erred in granting Tenorio's motion for judgment n.o.v. and in finding that Garcia's insurance company, acting as her agent, was negligent as a matter of law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 1998, Tenorio filed suit against Garcia seeking damages for injuries he sustained in a motor vehicle accident. Garcia was served with citation and a copy of the original petition on September 29, 1999. After Garcia failed to answer, Tenorio obtained a default judgment in the amount of $55,000 on December 10, 1999.

On April 4, 2000, Garcia filed a petition for bill of review to set aside the default judgment. At the hearing on the bill of review, Garcia testified that, after receiving service of process in the underlying suit, she called her insurance carrier, Insurance Depot, and was told that the insurance company was already aware of the lawsuit. Garcia then faxed the suit papers to Insurance Depot. Garcia testified that she called Insurance Depot again in October 1999 to check on the status of her case and spoke to "the person in charge of the case," whom she could identify only as "a young lady." The woman told Garcia that the insurance company had filed an answer on her behalf and that she would call Garcia back to update her. Garcia testified that she received no further communications from Insurance Depot concerning her case.

On December 12, 1999, Garcia received a letter from Tenorio's attorney informing her that a default judgment in the amount of $55,000 had been entered against her in

the underlying suit. Garcia again called Insurance Depot and spoke to the person filling in for the woman handling her case, who was out of town at the time. This person told Garcia that the insurance company was aware of the default judgment and that it would be overturned. As requested, Garcia faxed a copy of the judgment to Insurance Depot.

Vaynetta Lozada, a litigation adjustor for Insurance Depot, testified that she was first made aware of the lawsuit against Garcia when she received a fax from Tenorio's counsel containing the original petition in the case. Lozada then contacted Tenorio's attorney and learned that Garcia had not yet been served with the petition. Lozada testified that she did not take any action at that point because she was waiting for Garcia to be served. When Garcia called Lozada and told her that she had been sued, Lozada instructed Garcia to fax the suit papers to her. Lozada testified that she never received the papers. Lozada stated that she did not follow up with Garcia regarding the whereabouts of the suit papers, explaining that "once I receive notice, I just wait for the paper to come in." Lozada subsequently received a message that Garcia had called to inform her that a default judgment had been entered. Although the message indicated that Garcia had been told to fax the judgment to Lozada's attention, Lozada testified that she never received a copy of the judgment.

On January 12, 2000, Lozada discovered a copy of the default judgment in Garcia's case, which had been mistakenly placed in the file of another claimant involved in the accident with Garcia. Lozada testified that she immediately contacted an attorney to handle the matter. Lozada acknowledged that Tenorio's counsel, Lonnie McGuire, had mailed a copy of the December 10 default judgment to Insurance Depot, which was received on December 13. In addition, the evidence revealed that Insurance Depot acknowledged receipt of the judgment in a letter to Jim Lane, McGuire's co-counsel, dated December 15, 1999.

At the close of the evidence, the jury found that the failure of Garcia and Insurance Depot to answer the claims asserted in the underlying lawsuit or to file a motion for new trial was not the result of Garcia's and Insurance Depot's fault or negligence. On December 14, 2000, the trial court granted Tenorio's motion for judgment n.o.v. and denied Garcia's bill of review. The court found that Insurance Depot was negligent as a matter of law in failing to answer for Garcia the claims asserted in the underlying action and in failing to file a motion for new trial. The court further found that Insurance Depot was, at all times, acting as Garcia's agent and that the negligence of Insurance Depot was imputed to Garcia.

## STANDARD OF REVIEW

A trial court may disregard a jury's verdict and render judgment n.o.v. if there is no evidence to support the jury's findings necessary to liability or if a directed verdict would have been proper.[1] A directed verdict is proper only under limited circumstances: (1) the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (2) the evidence is insufficient to raise a fact issue that must be established before the opponent is entitled to judgment.[2] In determining whether

---

1. *Brown v. Bank of Galveston,* 963 S.W.2d 511, 513 (Tex.1998); *Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 394 (Tex.1991); *see also* Tex.R. Civ. P. 301.

2. *Prudential Ins. Co. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex.2000); *Boswell v. Farm & Home Sav. Ass'n,* 894 S.W.2d 761, 768 (Tex.App.-Fort Worth 1994, writ denied).

there is no evidence to support the jury's verdict, we consider the evidence in the light most favorable to the jury's finding, considering only the evidence and inferences that support the finding and rejecting the evidence and inferences contrary to the finding.[3]

## BILL OF REVIEW

■■■ A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial.[4] Although it is an equitable proceeding, the fact that an injustice has occurred is not sufficient to justify relief by bill of review.[5] Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted."[6]

■■■ To succeed in a bill of review, the petitioner must show that she (1) has a meritorious defense to the claim alleged to support the judgment, (2) was prevented from making that defense because of the fraud, accident, or wrongful act of the opposing party, and (3) was not at fault or negligent.[7] Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment.[8] This is true even if the failure to pursue remedies was the result of the negligence or mistake of a party's agent.[9]

In this case, the trial court submitted the following questions to the jury:

[Do you find by a preponderance of the evidence that] the failure of Perlita Garcia and her insurance company to "answer" the claims asserted in the underlying lawsuit ... was not the result of Perlita Garcia's and her insurance company's fault or negligence[?]

. . . .

[Do you find by a preponderance of the evidence that] the failure of Perlita Garcia and her insurance company to file a "Motion for New Trial" in the underlying lawsuit ... was not the result of Perlita Garcia's and her insurance company's fault or negligence[?]

The trial court further instructed the jury that "negligence" is "the failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances." The jury answered "yes" to both questions.

In her sole issue, Garcia contends that more than a scintilla of evidence supported the jury's findings in her favor and, therefore, the trial court improperly granted judgment n.o.v. We disagree.

As a threshold matter, we point out that, in granting Tenorio's motion for judgment n.o.v., the trial court found that Insurance

**3.** *Brown*, 963 S.W.2d at 513; *Navarette v. Temple Indep. Sch. Dist.*, 706 S.W.2d 308, 309 (Tex.1986).

**4.** *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999).

**5.** *Id.* at 927.

**6.** *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984) (quoting *Alexander v. Hage-*

*dorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950)).

**7.** *See Wembley*, 11 S.W.3d at 927; *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998).

**8.** *Wembley*, 11 S.W.3d at 927.

**9.** *Thompson v. Henderson*, 45 S.W.3d 283, 288 (Tex.App.-Dallas 2001, pet. denied).

Depot "was at all times acting as an *agent* for Perlita Garcia" and that the insurance company's negligence was imputed to Garcia. We note that the jury was not specifically instructed by the trial court's charge on this agency theory, although the jury was asked to consider whether Garcia "and her insurance company" were at fault or negligent in failing to file an answer or a motion for new trial. The record reflects that, during the charge conference, Garcia's counsel objected to the trial court's inclusion of the phrase, "and her insurance company" in the jury questions. On this point, the following exchange occurred between counsel for Garcia, Nathan Barbera, and the trial court:

> MR. BARBERA: ... The Plaintiffs object that the insurance company's fault or negligence should not-we would state that should not be imputed upon the Plaintiffs, and quite frankly, I'm not aware of where it says that the insurance company['s] negligence or action should be imputed upon Plaintiffs in regard to any fault, mistake or accident the Plaintiffs may have. Therefore, we would object on the grounds that the insurance company has been injected in Jury Questions No. 3 and No. 4[.]

> THE COURT: For the record, the Court will state that we've heard a thorough discussion of the role of the insurance company in this matter, so I'm not bringing it into the case.

> Further, the Court finds that they were acting jointly in responding to this lawsuit and there is no question of fact that they were acting jointly and as agents for each other or jointly or joint enterprise, as one might want to call it, so objection is overruled.

■ Garcia does not challenge on the appeal the trial court's finding that an agency relationship existed between her and Insurance Depot, which relationship allowed the insurance company's negligence to be imputed to her. Moreover, it is well recognized that a party who has been served with citation to appear and defend a cause of action asserted against her, who then turns the matter over to an insurance company to represent her interests, relies upon the insurance company "at [her] own peril and risk." [10] Accordingly, in determining whether there was no evidence to support the jury's verdict in this case, we focus on the actions of Garcia's agent, Insurance Depot.

As to the insurance company's failure to file an answer on her behalf, Garcia points to Lozada's testimony that she never received Garcia's promised fax of the suit papers. Garcia argues that the fact that the insurance company "never received any written notification of service" is some evidence of the absence of fault or negligence on the part of Insurance Depot in failing to answer the underlying lawsuit. Lozada testified to the procedures followed at Insurance Depot when an insured notifies the company that she has been served with a lawsuit: "What I do at that point, once they call and say, 'I've been sued,' we instruct them to send the papers to my attention, because I handle all of those files. At that point, I will hire an attorney to defend them and file an answer on their behalf." Although she acknowledged that she knew about the suit against Garcia based upon their telephone conversation, Lozada testified that she did not follow up with Garcia when the suit papers did not arrive at Insurance Depot. Lozada also testified that she is not permitted to begin

---

**10.** *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex. Civ.App.-Dallas 1962, writ ref'd n.r.e.); *see also Cornerstone Alternatives, Inc. v. Patterson* *Oldsmobile–GMC–Toyota, Inc.*, 696 S.W.2d 702, 703–04 (Tex.App.-Fort Worth 1985, no writ).

work on a file concerning a suit against an insured until she receives a copy of the service of citation, although she could not explain the reason for this policy.

Viewing the evidence in the light most favorable to the jury's finding that Insurance Depot was not at fault or negligent in its failure to file an answer in the underlying lawsuit, we conclude that there was no evidence that Insurance Depot and, in particular, Lozada, as the company's litigation adjustor, exercised ordinary care in the handling of Garcia's case. It was undisputed that Lozada knew that Garcia had been served with the underlying petition and yet failed to act, in some manner, on this information, relying instead on the excuse that a faxed copy of the suit papers never came through as expected. We conclude that a prudent litigation adjustor for an insurance company would have at least made an inquiry into the whereabouts of the requested documents and would not have merely done nothing after being advised that an insured had been served with process. Accordingly, we hold that there was no evidence to support the jury's finding that Insurance Depot was free of fault or negligence in failing to file an answer on Garcia's behalf.

As to the insurance company's failure to file a motion for new trial, Garcia points to Lozada's testimony that a copy of the December 10, 1999 default judgment had been misfiled and that she did not discover it until January 12, 2000, thirty-three days after the judgment was entered. We conclude that this is no evidence that Insurance Depot was not at fault or negligent in failing to file a motion for new trial. The evidence was undisputed that someone at Insurance Depot received a copy of the default judgment and acknowledged receipt of the judgment in a letter sent to opposing counsel on December 15. Furthermore, Lozada testified that she received a message that Garcia had called Insurance Depot and informed someone there that a default judgment had been entered against her. Despite this knowledge, however, Lozada did not take any action regarding the judgment, relying again on her contention that she had not personally received the requested fax. We believe that a litigation adjustor of ordinary prudence, aware of the consequences and time-sensitive nature of a default judgment, would have taken some action upon being informed that such a judgment had been taken against an insured.[11] Consequently, we hold that there was no evidence to support the jury's finding that the failure of Insurance Depot to file a motion for new trial in the underlying suit was not the result of the insurance company's fault or negligence.

Because there was no evidence to support the jury's verdict, the trial court properly entered judgment n.o.v. denying Garcia's petition for bill of review. We overrule Garcia's sole issue.

## CONCLUSION

Having overruled Garcia's only issue on appeal, we affirm the trial court's judgment.

---

11. *See Thompson,* 45 S.W.3d at 288–89 (holding insurance litigation adjustor did not exercise due diligence in pursuing legal remedies to set aside default judgment against insured, as would entitle insured to bill of review relief, where adjustor knew that judgment had been entered against insured and was aware of default judgment consequences, but neglected the matter until order became nonappealable).