Jane Anne BRYANT, Appellant,

v.

LUCENT TECHNOLOGIES, INC., Appellee.

No. 10–03–00330–CV.

Court of Appeals of Texas, Waco.

Sept. 7, 2005.

Brian P. Sanford, Emily M. Stout, Sheils Winubst Sanford & Bethune, Richardson, for appellant.

Mark R. Steiner, Ashley Scheer, Jackson Walker LLP, Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Jane Anne Bryant filed suit against Lucent Technologies, Inc. for wrongful termination, breach of contract, intentional infliction of emotional distress, assault and battery, negligent supervision, fraud, and defamation. The court granted Lucent's motion for summary judgment on the assault and battery, negligent supervision, fraud, and defamation claims and granted Lucent's motion for directed verdict on the wrongful termination claim. A jury rendered a take-nothing verdict on the intentional infliction of emotional distress and breach of contract claims.

Bryant contends in four issues that the court erred by: (1) granting the directed verdict on her wrongful termination claim; (2) refusing to permit her counsel to argue that the alleged basis for her termination could be considered in deliberating on her

intentional infliction of emotional distress claim; (3) granting Lucent's summary judgment motion on the assault and battery claim; and (4) granting Lucent's summary judgment motion on the defamation claim. We will affirm in part and reverse and remand in part.

### Wrongful Termination

■ Bryant contends in her first issue that the court erred by granting Lucent's motion for directed verdict on her wrongful termination claim because she presented some evidence that she was forced to resign because she refused to perform an illegal act.

■ Under *Sabine Pilot Service, Inc. v. Hauck,* an at-will employee may sue for wrongful termination if the sole reason for the termination was that the employee refused to perform an illegal act which would subject the employee to criminal liability. 687 S.W.2d 733, 735 (Tex.1985); *see also Winters v. Houston Chronicle Publg. Co.,* 795 S.W.2d 723, 724 (Tex.1990); *Laredo Med. Group Corp. v. Mireles,* 155 S.W.3d 417, 420 (Tex.App.-San Antonio 2004, pet. denied).

■ A directed verdict for a defendant may be proper (1) when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery, (2) when the defendant conclusively negates an element of the plaintiff's claim, or (3) when the defendant conclusively establishes a defense. *See Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.,* 29 S.W.3d 74, 77–78 (Tex.2000); *Democracy Coalition v. City of Austin,* 141 S.W.3d 282, 288 (Tex.App.-Austin 2004, no pet.); *Garcia v. Tenorio,* 69 S.W.3d 309, 311 (Tex.App.-Fort Worth 2002, pet. denied). "In reviewing a directed verdict, we decide whether there is any evidence of probative value to raise an issue of material fact on the question presented. We

examine the evidence in the light most favorable to the party suffering the adverse judgment." *Bostrom Seating, Inc. v. Crane Carrier Co.,* 140 S.W.3d 681, 684 (Tex.2004) (citations omitted).

Bryant contends that her supervisor instructed her to provide sales leads at no cost to certain dealers in violation of the Robinson–Patman Act. *See* 15 U.S.C.A. §§ 13, 13a (West 1997). However, Congress enacted the Robinson–Patman Act to prohibit price discrimination in transactions involving the sale of goods or commodities. *See id.* § 13(a) ("It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities"); *id.* § 13a (unlawful to engage in transaction which discriminates against competitors with regard to "a sale of goods"); *FTC v. Henry Broch & Co.,* 363 U.S. 166, 174, 80 S.Ct. 1158, 1163, 4 L.Ed.2d 1124 (1960); *Innomed Labs, L.L.C. v. ALZA Corp.,* 368 F.3d 148, 156 (2d Cir.2004); *Tri–State Broad. Co. v. United Press Intl., Inc.,* 369 F.2d 268, 269 (5th Cir.1966).

Here, Lucent is engaged in the business of telephone equipment sales. However, the controversy involving Bryant concerns the exchange of information between Lucent and other entities concerning potential purchasers of Lucent products. The essence of Bryant's complaint is that her supervisor demanded that she provide this information (*i.e.,* "sales leads") to some dealers at no cost while charging other dealers for the same information.

The provision of sales leads to dealers by Lucent does not constitute the sale of goods or commodities. Thus, the evidence conclusively negates an element of Bryant's wrongful termination claim, namely, whether Bryant's supervisor di-

rected her to perform an act which would violate the Robinson–Patman Act. Accordingly, the court properly directed a verdict in favor of Lucent on Bryant's wrongful termination claim. *See Prudential Ins. Co.*, 29 S.W.3d at 77–78; *Democracy Coalition*, 141 S.W.3d at 288; *Garcia*, 69 S.W.3d at 311. Therefore, we overrule Bryant's first issue.

## Intentional Infliction of Emotional Distress

■ Bryant contends in her second issue that the court abused its discretion by refusing to permit her counsel to argue that the facts surrounding her termination could be considered in deliberating on her intentional infliction of emotional distress claim.

■ Closing argument should be limited to the evidence presented at trial and to the arguments of opposing counsel. Tex.R. Civ. P. 269(e); *In re C.J.B.*, 137 S.W.3d 814, 826 (Tex.App.-Waco 2004, no pet.); *Sanchez v. Espinoza*, 60 S.W.3d 392, 395 (Tex.App.-Amarillo 2001, pet. denied). We review a trial court rulings on the scope of closing argument under an abuse-of-discretion standard. *See C.J.B.*, 137 S.W.3d at 826; *Sanchez*, 60 S.W.3d at 395.

■ To recover for intentional infliction of emotional distress, a plaintiff must establish among other things that "the defendant's conduct was extreme and outrageous." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex.2004).[1] "[A] course of conduct should be evaluated as a whole to determine whether it was extreme and outrageous." *Tiller v. McLure*, 121 S.W.3d 709, 715 (Tex.2003) (per curiam). Liability for intentional infliction of emotional distress is found when the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817–18 (Tex.2005) (quoting *Hoffmann–La Roche*, 144 S.W.3d at 445).[2]

White's conduct should be evaluated as a whole in determining whether it was sufficiently extreme and outrageous. *See Tiller*, 121 S.W.3d at 715. Part of the evidence at issue is Bryant's testimony that White forced her to resign because she refused to provide leads to some dealers at no cost while charging other dealers for the same information, conduct which she believed was violative of the Robinson–Patman Act.

The trial court advised Bryant's counsel before closing argument that counsel could argue that Bryant and White disagreed about the application of the Robinson–Patman Act but could not argue that White forced her to resign because she refused to engage in conduct which she believed was violative of the Act.

Bryant's testimony about her termination and the reasons for it is relevant evidence of whether White engaged in a course of conduct which was extreme and outrageous. Because this evidence is relevant, the court abused its discretion by

---

1. The elements for intentional infliction of emotional distress are: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex.2004).

2. This quotation originates with the Restatement (Second) of Torts. *See Hoffmann–La Roche*, 144 S.W.3d at 445 (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993) (quoting *Restatement (Second) of Torts* § 46 cmt. d (1965))).

refusing to permit Bryant's counsel to discuss it in closing argument. *See* TEX.R. CIV. P. 269(e).

■ However, this error does not require reversal unless it "probably caused the rendition of an improper judgment." TEX.R.APP. P. 44.1(a)(1). Bryant argued that the totality of the circumstances shows that Lucent is liable for intentional infliction of emotional distress because: (1) Bryant was hired to direct Lucent's marketing department without being told that she would be confronted with an entrenched bureaucracy, conflicting personalities, and insubordinate employees; (2) White did not support Bryant in her efforts to "clean up" the department; (3) an employee from another department was allowed to physically harass her; (4) White caused Bryant unnecessary worry by failing to adequately address her concerns about compliance with the Robinson–Patman Act; (5) White misled Bryant to believe that they were to have a meeting regarding the transfer of an employee in her department to another department, when in fact White intended to force Bryant to resign; and (6) Lucent erroneously identified Bryant in a payroll document as a marketing manager rather than a marketing director.

The trial court permitted Bryant's counsel to argue that White and Bryant disagreed about compliance with the Robinson–Patman Act, that Bryant was concerned about violating the Act, and that White forced Bryant to resign. The only thing the court did not permit Bryant's counsel to do was directly argue that White forced Bryant to resign because she refused to engage in conduct which she believed was violative of the Act.

Nevertheless, even if counsel had been permitted to draw a direct correlation between Bryant's forced resignation and her dispute with White about marketing practices allowed under the Act, we would conclude that Bryant had failed as a matter of law to establish her claim for intentional infliction of emotional distress. *Cf. Creditwatch,* 157 S.W.3d at 816–18; *Hoffmann– La Roche,* 144 S.W.3d at 448–49. Therefore, we hold that the trial court's erroneous restriction on Bryant's closing argument did not result in the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a)(1).

Accordingly, we overrule Bryant's second issue.

### Assault and Battery

■ Bryant contends in her third issue that the court erred by granting Lucent's summary judgment motion on her assault and battery claim because genuine issues of material fact remain on the question of whether her assailant was acting within the course and scope of his employment.

■ To hold an employer liable for the tortious acts of an employee, a plaintiff must show that the employee was acting (1) within the scope of the employee's general authority, (2) in furtherance of the employer's business, and (3) for the accomplishment of an objective for which the employee was hired. *Buck v. Blum,* 130 S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Wrenn v. G.A.T.X. Logistics, Inc.,* 73 S.W.3d 489, 493 (Tex. App.-Fort Worth 2002, no pet.). The commission of an intentional tort such as an assault is not generally considered to be within the scope of an employee's authority. *Tex. & P. Ry. Co. v. Hagenloh,* 151 Tex. 191, 247 S.W.2d 236, 239 (1952); *Buck,* 130 S.W.3d at 288–89; *Garrett v. Great W. Distribg. Co. of Amarillo,* 129 S.W.3d 797, 800 (Tex. App.-Amarillo 2004, pet. denied); *Wrenn,* 73 S.W.3d at 494.

■ Therefore, to prove that an assault was committed within the scope of

the employee assailant's authority, a plaintiff must show that "the assault [wa]s committed to accomplish a duty entrusted to the employee." *Soto v. El Paso Nat. Gas Co.*, 942 S.W.2d 671, 681 (Tex.App.-El Paso 1997, writ denied); *accord Tex. & P. Ry.*, 247 S.W.2d at 240; *Garrett*, 129 S.W.3d at 800.

Viewing the summary judgment evidence in the light most favorable to Bryant, we hold that Lucent conclusively established that Bryant's assailant did not assault her to accomplish a duty entrusted to the assailant by Lucent. *Cf. G.T. Mgt., Inc. v. Gonzalez*, 106 S.W.3d 880, 884–85 (Tex.App.-Dallas 2003, no pet.) (bouncers authorized to use force to accomplish their assigned duties). Thus, the trial court properly granted Lucent's summary judgment motion on Bryant's claim for assault and battery. *See Buck*, 130 S.W.3d at 289–90; *Garrett*, 129 S.W.3d at 801–02; *Wrenn*, 73 S.W.3d at 494–95.

Accordingly, we overrule Bryant's third issue.

### Defamation

Bryant contends in her fourth issue that the court erred by granting Lucent's summary judgment motion on her defamation claim because she produced some evidence that Lucent published a defamatory statement and Lucent failed to conclusively establish that the alleged defamatory statement was qualifiedly privileged.

Lucent argued in its summary judgment motion that it was entitled to judgment as a matter of law on Bryant's defamation claim because Bryant could produce no evidence of publication.

Bryant responded to the summary judgment motion with an affidavit in which she stated, "Lucent has ... incorrectly identified me as a Marketing Man-

ager rather than a Marketing Director *to third parties*." (emphasis added). The court overruled Lucent's objection that the paragraph with this statement "contains speculative and conclusory statements." Lucent does not challenge this ruling on appeal.

Thus, Bryant produced more than a scintilla of evidence that Lucent mischaracterized her position to third parties (*i.e.*, that Lucent published this mischaracterization to third parties). *See* TEX.R.APP. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex.2004).

Lucent also argued in its summary judgment motion that it was entitled to judgment as a matter of law on Bryant's defamation claim because Bryant could produce no evidence to defeat Lucent's assertion of qualified privilege. However, qualified privilege is an affirmative defense. *See Saudi v. Brieven*, 176 S.W.3d 108, 117, No. 01–03–00865–CV, 2004 WL 2415659, at *7, 2004 Tex.App. LEXIS 9595 at *22 (Tex.App.-Houston [1st Dist.] Oct. 28, 2004, pet. denied); *Gonzales v. Levy Strauss & Co.*, 70 S.W.3d 278, 282–83 (Tex. App.-San Antonio 2002, no pet.). Thus, Lucent bore the burden to conclusively establish each element of the privilege to prevail on its summary judgment motion. *Id.*

To establish the affirmative defense of qualified privilege, a defendant must show that the alleged defamatory statement: (1) was made without malice; (2) concerned a subject matter of sufficient interest to the author or was in reference to a duty owed by the author; and (3) was communicated to another party with a corresponding interest or duty. *See Saudi*, at 117, 2004 WL 2415659, at *6, 2004 Tex. App. LEXIS 9595 at *20–21; *Austin v. Inet Techs., Inc.*, 118 S.W.3d 491, 496 (Tex. App.-Dallas 2003, no pet.); *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82,

99 (Tex.App.-San Antonio 2003, pet. denied).

Lucent offered no summary judgment evidence to prove its affirmative defense. Rather, its summary judgment motion erroneously suggested that Bryant bore the burden of proving actual malice to defeat Lucent's affirmative defense. Therefore, the court erred by granting Lucent's summary judgment motion on Bryant's defamation claim.

Accordingly, we sustain Bryant's fourth issue.

## Costs

Rule of Appellate Procedure 43.4 directs an appellate court to "award to the prevailing party the appellate costs—including preparation costs for the clerk's record and the reporter's record—that were incurred by that party" unless there is "good cause" to do otherwise. Because Bryant has prevailed on one of her claims on appeal, we conclude that she is entitled to recover appellate costs.

Rule of Civil Procedure 139 directs the manner in which trial court (and appellate court) costs are to be awarded on appeal. When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below; if the judgment be against him for the same or a greater amount than in the court below, the adverse party shall recover the costs of both courts. If the judgment of the court above be in favor of the party appealing and for more than the original judgment, such party shall recover the costs of both courts; if the judgment be in his favor, but for the same or a less amount than in the court below, he shall recover the costs of the court below, and pay the costs of the court above.

TEX.R. CIV. P. 139. Rule 141 then provides (as Rule 43.4) that we may award costs otherwise "for good cause." *Id.* 141.

Here, Bryant prevailed on only one of the four substantive claims she raised on appeal. Accordingly, we award Bryant only twenty-five percent of the trial court costs and assess seventy-five percent of the trial court costs against her.

## Conclusion

We affirm the judgment as to Bryant's claims for wrongful termination, intentional infliction of emotional distress, and assault and battery.[3] We reverse the judgment as to Bryant's defamation claim and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Conclusory statements in support of a motion for summary judgment are no evidence. *See Texas Division–Tranter v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). If something is no evidence, it does not turn into evidence because there was no objection to it or complaint raised about it. An objection is only required to complain about improperly admitted or excluded evidence. The conclusory statement in Bryant's affidavit cited by the

---

3. Because Bryant does not challenge the court's take-nothing judgment on her remaining claims (breach of contract, negligent supervision, and fraud), we leave that portion of the judgment undisturbed. *See Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450–51 (Tex.1998) (per curiam); *Builders Transport, Inc. v. Grice–Smith,* 167 S.W.3d 1, 15 (Tex.App.-Waco), *modified,* 167 S.W.3d 18 (Tex.App.-Waco 2005, pet. filed).

majority is no evidence of publication of a defamatory statement.

The trial court's judgment should be affirmed in all respects and all costs assessed against Bryant. Because the majority does not, I respectfully dissent.