In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00176-CV
_____

IN RE COMMITMENT OF JESSE RAMIREZ

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-05-05826 CV

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Jesse Ramirez as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Ramirez is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In seven appellate issues, Ramirez challenges the legal sufficiency of the evidence, the limitation of his voir dire, the limitation of his cross-examination of witnesses, the limitation of his closing arguments, the State's closing argument, the denial of his

motion for directed verdict, and the denial of his motions to strike expert testimony. We affirm the trial court's judgment and order of civil commitment.

Legal Sufficiency

In issue one, Ramirez contends that the evidence is legally insufficient to support the jury's verdict. Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887.

The State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A "sexually violent predator" is a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another

2

person." *Id*. at § 841.002(2) (West Supp. 2012). A "predatory act" is one directed toward individuals for the primary purpose of victimization. *Id*. at § 841.002(5) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

At trial, Ramirez admitted that he has convictions for aggravated sexual abuse, indecency with a child by exposure, and aggravated sexual assault of a child, but he denied committing these offenses. Ramirez testified that his sentences were not fair. He denied being a sex offender and testified that he does not believe he has a problem or an illness and does not have an attraction toward children.

Dr. Antoinette McGarrahan, a clinical psychologist, testified that Ramirez has three convictions for sexual offenses and that Ramirez took no responsibility for the offenses. She diagnosed Ramirez with pedophilia, sexual deviance, antisocial personality traits, and a history of alcohol abuse. McGarrahan conducted three actuarial tests. Ramirez scored a three on the Static-99R, which McGarrahan testified indicates that he has a low to moderate risk of recidivism. He scored an eight on the MnSOST-R, which McGarrahan testified indicates a high risk for

3

sexual re-offense. McGarrahan testified that Ramirez scored eighteen on the Hare Psychopathy Checklist, which demonstrates that he is not a psychopath, but does have some psychopathic traits. McGarrahan identified several factors that increase Ramirez's risk of re-offense: sexual deviancy, antisocial personality traits, sadism, prior sexual offense, convictions for a non-contact sexual offense, an unrelated victim, a stranger victim, sexual interest in children, sexualized violence, sexual preoccupation, lack of an emotionally intimate and stable relationship, victim stance, dysfunctional coping, callousness, and violations of conditional release. McGarrahan concluded that Ramirez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Dr. Michael Arambula, a physician certified in general and forensic psychiatry, testified that Ramirez took no responsibility for his sexual offenses. He explained that Ramirez is sexually deviant, has a history of alcohol abuse, and has pedophilia, paraphilia not otherwise specified with sadistic features, and personality disorder not otherwise specified with antisocial features. Arambula also identified Ramirez's risk factors, including sexual deviance, lack of sex offender treatment, antisocial personality, unsteady relationships, poor support system, and previous alcohol issues. Arambula concluded that Ramirez has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

4

On appeal, Ramirez contends that it is improper to assume that the jury concluded, beyond a reasonable doubt, that Ramirez is likely to engage in a predatory act for the primary purpose of victimization. He argues that this Court improperly decided *In re Commitment of Bernard*, No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.), in which we explained that the concept of victimization is implicit in the definition of "behavioral abnormality" and assumes a victim. *Id*., 2012 Tex. App. LEXIS 4681, at *7. We further explained in *Bernard* that "[w]hether someone is a victim is not determined from the subjective point of view of the victimizer." *Id*. According to Ramirez, *Bernard* essentially removed the requirement of predatory intent.

*Bernard* did not rewrite the law, as contended by Ramirez. This Court has previously explained that "primary purpose of victimization" is not a specified element in section 841.003. *In re Commitment of Simmons*, No. 09-09-00478-CV, 2011 Tex. App. LEXIS 4500, at **1-2 n.1 (Tex. App.—Beaumont June 16, 2011, no pet.) (mem. op.); *In re Commitment of Chapa*, No. 09-10-00334-CV, 2011 Tex. App. LEXIS 9798, at *11 (Tex. App.—Beaumont Dec. 15, 2011, no pet.) (mem. op.). The Texas Supreme Court has explained that "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act

5

of sexual violence' is a single, unified issue." *In re Commitment of Bohannan*, 388 S.W.3d 296, 303 (Tex. 2012), *cert. denied,* 133 S.Ct. 2746 (2013) (quoting Tex. Health & Safety Code Ann. § 841.003(a)(2)). The SVP statute's definition of "behavioral abnormality" is not to be bisected as Ramirez suggests; thus, in accordance with our case law and that of the Texas Supreme Court, implicit in a finding that a person suffers from a behavioral abnormality is a conclusion that the person is likely to engage in a predatory act of sexual violence for the primary purpose of victimization. *See id.*; *see also In re Commitment of Weissinger*, No. 09-12-00486-CV, 2013 Tex. App. LEXIS 7819, at \*5 (Tex. App.—Beaumont June 27, 2013, pet. filed) (mem. op.); *see also Chapa*, 2011 Tex. App. LEXIS 9798, at \*\*10-11; *Simmons*, 2011 Tex. App. LEXIS 4500, at \*18.

In this case, the jury heard the experts' opinions that Ramirez has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, heard Ramirez's testimony, and heard evidence of Ramirez's risk factors, criminal history, sexual offenses, actuarial tests scores, and diagnoses. The jury could reasonably conclude that Ramirez has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence for the primary purpose of victimization. *See Almaguer*, 117 S.W.3d at 506; *see also In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at \*13 (Tex. App.—

6

Beaumont Dec. 31, 2009, no pet.) (mem. op.). Viewing all the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Ramirez is a sexually violent predator; thus, the evidence is legally sufficient. *See Kansas v. Crane*, 534 U.S. 407, 413 (2002); *see also Mullens*, 92 S.W.3d at 885. We overrule issue one.

Voir Dire

In issue two, Ramirez challenges the trial court's limitation of voir dire examination. We apply an abuse of discretion standard to the trial court's decisions regarding voir dire. *In re Commitment of Hill*, 334 S.W.3d 226, 229 (Tex. 2011); *In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no pet.).

During voir dire, without any objection from the State, Ramirez's counsel asked, "Is there anybody who feels that when we discuss pedophilia they're not going to be able to keep an open mind about Mr. Ramirez?" Counsel later asked, "[I]f you hear that there's a victim of a crime involved in this case younger than a teenager you wouldn't be able to listen to all the evidence, be fair and impartial or render a fair and impartial verdict for my client?" The State objected that this was an improper commitment question and the trial court allowed counsel to rephrase. Counsel attempted to ask the venire panel about "any biases or prejudices towards

someone who sexually offends towards small children[.]" The State again objected. Ramirez argued that the question properly sought to discover bias. The following exchange occurred:

> Trial Court: How many of y'all are in favor of sex crimes against children, raise your right hand? I don't see a single hand out there. I'm shocked. Shocked. Next question.
>
> . . .
>
> Ramirez's Counsel: My follow-up on that question, the reason I was asking that was if you hear there has been a crime against a child, a sexual-based crime, do you feel like you can still be fair and impartial and listen to all the evidence?

The trial court sustained the State's objection to counsel's follow-up question.

Because a prospective juror is disqualified from serving on the jury when biased or prejudiced for or against a party, one purpose of voir dire is to find biased jurors and eliminate them from the jury panel. *In re Commitment of Barbee*, 192 S.W.3d 835, 845 (Tex. App.—Beaumont 2006, no pet.); *see* Tex. Gov't Code Ann. § 62.105(4) (West 2013). The trial court should allow a party broad latitude to discover bias or prejudice by potential jurors. *Larkin*, 161 S.W.3d at 780. The trial court abuses its discretion when it denies the right to ask a proper question, preventing determination of whether grounds exist to challenge for cause or denying intelligent use of peremptory challenges. *Id.* at 783. "Counsel's latitude in

8

voir dire, while broad, is constrained by reasonable trial court control." *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 750 (Tex. 2006).

We believe that Ramirez's second proffered question was proper, and the trial court erred in sustaining the State's objection; however, the record demonstrates that the trial court did not foreclose all inquiry designed to discover biases or prejudices of the potential jurors toward pedophiles. *See Barbee*, 192 S.W.3d at 846. Ramirez was able to ask the venire panel whether they could keep an open mind toward Ramirez when pedophilia was discussed. *See In re Commitment of Kalati*, 370 S.W.3d 435, 440-41 (Tex. App.—Beaumont 2012, pet. denied). We cannot say that the trial court prevented Ramirez from discovering bias or prejudice so as to properly exercise challenges for cause or peremptory challenges. *See Hill*, 334 S.W.3d at 229; *see also Larkin*, 161 S.W.3d at 783. The error was harmless. We overrule issue two.

## Cross-Examination

In issue three, Ramirez argues that the trial court improperly limited cross-examination during the testimony of Ramirez, McGarrahan, and Arambula. A witness may be cross-examined on any matter relevant to an issue in the case. Tex. R. Evid. 611(b). The trial court has reasonable control over the mode and order of interrogating witnesses and presenting evidence. Tex. R. Evid. 611(a). A trial court

9

abuses its discretion if it unduly restricts cross-examination regarding a key issue in the case. *In re Commitment of Campbell*, No. 09-11-00407-CV, 2012 Tex. App. LEXIS 5125, at \*16 (Tex. App.—Beaumont June 28, 2012, pet. denied) (mem. op.).

During Ramirez's testimony, the State asked him whether he raped the victim of his first offense and Ramirez replied, "No, sir." On cross-examination, Ramirez's counsel asked Ramirez whether he had sex with the victim and Ramirez replied, "No, sir." The trial court sustained the State's collateral estoppel objection.[1] The State also objected when Ramirez's counsel asked Ramirez if there was any indication that he had offended against children up until 1993. The trial court allowed counsel to rephrase the question. Ramirez made an offer of proof to show that his testimony would have established that he did not have sex with the victim and that the victim stated she was raped by two other men.

On appeal, Ramirez argues that the State waived any collateral estoppel objection to cross-examination of Ramirez by asking Ramirez, during direct

---

[1]Before trial, Ramirez filed a motion arguing that the State is misusing the collateral estoppel doctrine. Ramirez argued that if the SVP statute requires the State to prove at least two prior sexual offenses, a respondent must be able to object to those offenses or contradict the evidence to defend himself against the State's allegations. Ramirez further argued that the State's use of offensive collateral estoppel requires courts to consider the respondent's motivation to defend. Finally, Ramirez contended that the collateral estoppel doctrine only applies to identical fact issues. The trial court denied the motion.

examination, about the facts of his offenses. However, the record does not demonstrate that Ramirez presented this argument to the trial court when the State objected to Ramirez's cross-examination, as is required to preserve the complaint for appellate review. *See* Tex. R. App. P. 33.1(a). *See generally Reyna v. State,* 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); *Montgomery v. Varon,* No. 14-05-01059-CV, 2007 Tex. App. LEXIS 2582, at *13 n.3 (Tex. App.—Houston [14th Dist.] Apr. 3, 2007, no pet.) (mem. op.). Moreover, the record demonstrates that the basis of the State's objections was that Ramirez was improperly attempting to attack the criminal judgments. "'A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against.'" *In re Commitment of Briggs*, 350 S.W.3d 362, 368 (Tex. App.—Beaumont 2011, pet denied) (quoting *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005)). This Court has held that a respondent cannot collaterally attack a criminal conviction in a commitment proceeding. *Id.*at 368-69; *see In re Commitment of McCarty*, No. 09-12-00083-CV, 2013 Tex. App. LEXIS 7855, at *6 (Tex. App.—Beaumont June 27, 2013, pet. filed) (mem. op.) (declining to revisit *Briggs*). Ramirez's guilt had already been determined in the prior criminal proceedings and could not be

11

relitigated by attempting to elicit contrary testimony. *See Briggs*, 350 S.W.3d at 369.

During cross-examination of McGarrahan, the State objected on collateral estoppel grounds when Ramirez asked if there were any inconsistencies in the victims' reports. The trial court sustained the objection. During a bill of exception, McGarrahan testified that the victim's accounts were consistent. Ramirez admitted that he has been convicted of three sexual offenses. This line of questioning was an improper attempt to refute Ramirez's judgments of conviction. *See McCarty*, 2013 Tex. App. LEXIS 7855, at *6. The convictions are final and have not been set aside. *See In re Commitment of Hinkle*, No. 09-09-00548-CV, 2011 Tex. App. LEXIS 4504, at *16 (Tex. App.—Beaumont June 16, 2011, pet. denied) (mem. op.). Ramirez could not challenge the facts of his final criminal convictions in a civil commitment proceeding. *See In re Commitment of Dees*, No. 09-11-00036-CV, 2011 Tex. App. LEXIS 9807, at *16 (Tex. App.—Beaumont Dec. 15, 2011, pet. denied) (mem. op.).

The State objected on relevance grounds when Ramirez asked McGarrahan if she understood the term "hearsay," if she was aware that the information contained in the documents she reviewed constituted hearsay, and if she could explain her rate of error. The trial court sustained the State's objections. The record

does not indicate that Ramirez's offer of proof included this line of questioning. Ramirez argues that rate of error is relevant as a matter of law; thus, he contends that he was not required to raise the issue during his offer of proof. However, to properly address the exclusion of testimony, the record should indicate the questions that would have been asked, what the answers would have been, and what was expected to be proved by those answers. *Briggs*, 350 S.W.3d at 368. Because these factors are absent from Ramirez's offer of proof, he has not preserved his complaint for appeal. *See id.*

During cross-examination of Arambula, the State objected on relevance grounds when Ramirez asked if Arambula was aware that his testimony in other cases had ever caused a case to be reversed. The trial court sustained the State's objections. During Ramirez's bill of exception, Arambula answered questions about a criminal case in which he testified, but that was later reversed on appeal. *Acevedo v. State*, 255 S.W.3d 162 (Tex. App.—San Antonio 2008, pet. ref'd), is a criminal case in which Arambula testified to hypothetical questions regarding the effects of crystal methamphetamine. *Id.* at 166-67. The San Antonio Court of Appeals held that Arambula's testimony was speculative, unreliable, and irrelevant because he did not adequately tie his opinion to the facts of the case. *Id.* at 169. A civil commitment proceeding, however, is not a criminal proceeding and involves

whether a person is a sexually violent predator. *In re Commitment of Alexander*, No. 09-12-00236-CV, 2013 Tex. App. LEXIS 6529, at *3 (Tex. App.—Beaumont May 30, 2013, pet. filed) (mem. op.); Tex. Health & Safety Code Ann. § 841.062(a). We cannot say that the excluded testimony would have made the existence of any fact of consequence to the determination of whether Ramirez is a sexually violent predator more or less probable. *See* Tex. R. Evid. 401; *see also* Tex. R. Evid. 611(b). Finding no abuse of discretion, we overrule issue three.

Ramirez's Closing Argument

In issue four, Ramirez complains that the trial court improperly limited his closing argument. A party may argue the facts of the case to the jury, including reasonable deductions and inferences from the evidence, but this right "extends only to the facts and issues raised by the evidence admitted under the rulings of the trial court." *Clark v. Bres*, 217 S.W.3d 501, 510 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Counsel's closing arguments during trial must be confined strictly to the evidence and to the arguments of opposing counsel. Tex. R. Civ. P. 269(e). We review the trial court's rulings on the scope of closing argument under an abuse-of-discretion standard. *Bryant v. Lucent Techs., Inc.*, 175 S.W.3d 845, 849 (Tex. App.—Waco 2005, pet. denied).

14

When discussing the quality of records and how records can be incorrect, Ramirez's counsel mentioned the Central Park Five, a case in which five men were wrongfully convicted of rape in New York in the 1980s. The State objected that this information was not in evidence and the trial court sustained the objection. The record demonstrates that the trial court instructed Ramirez not to discuss the Central Park Five and did not prohibit all discussion of the quality of records relied on by the experts. Because Ramirez sought to argue facts and issues that were not raised by the evidence, the trial court did not abuse its discretion by limiting Ramirez's closing arguments to exclude discussion of the Central Park Five. *See Clark*, 217 S.W.3d at 510; *see also* Tex. R. Civ. P. 269(e). We overrule issue four.

State's Closing Argument

In issue five, Ramirez argues that the State engaged in improper jury argument. To obtain a reversal based upon improper jury argument, an appellant must show an error that (1) was not invited or provoked, (2) was preserved by the proper trial predicate, (3) was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the trial court, and (4) by its nature, degree, and extent constituted reversibly harmful error. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979). "[T]he complainant must show that the probability

15

that the improper argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence." *Id*. at 840.

During the State's closing argument, when discussing one of Ramirez's sexual offenses, the State commented that "[h]e and the two other men dragged her to a car while they held a knife to her throat." Ramirez's counsel objected and the following exchange occurred:

> Trial Court: Well, you may have that opinion. I may have that opinion and someone else may have that opinion. But those 12 men and women over there are the experts on the evidence and I'm going to rely on their recollection of it. If either you or the Petitioner's counsel misrepresents what evidence is before them, I am confident that they'll deal with it appropriately . . . .
>
> Ramirez's Counsel: So I'm overruled, Your Honor?
>
> Trial Court: No, I'm not going to rule on a question of evidence. Then I'll be commenting on the weight of the evidence and that's prohibited. I'm not permitted under the law to comment on the weight of the evidence . . . .

Counsel subsequently objected on hearsay grounds when the State argued that Ramirez began sexually offending against one of the victims after moving back in with the victim's mother. The trial court stated: "He's talking to the jury. He's not testifying, so he can't be presenting hearsay. What am I missing? All right. You may proceed, sir." Counsel again objected when the State argued that Ramirez's

16

statement that "I am going to kill you" was not hearsay. The trial court instructed counsel to "[s]it down and be quiet."

Assuming without deciding that the State's arguments were improper, the argument was not so extreme that a "'juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument.'" *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (quoting *Goforth v. Alvey*, 153 Tex. 449, 271 S.W.2d 404, 404 (1954)); *In re Commitment of Grunsfeld*, No. 09-09-00279-CV, 2011 Tex. App. LEXIS 1337, at **4-5 (Tex. App.—Beaumont, Feb. 24, 2011, pet. denied) (mem. op.). As previously discussed, the record contains sufficient evidence by which the jury could reasonably conclude that Ramirez is a sexually violent predator. *See Reese,* 584 S.W.2d at 839; *see also  In re Commitment of Fierro*, No. 09-12-00296-CV, 2013 Tex. App. LEXIS 2280, at **11-12 (Tex. App.—Beaumont Mar. 7, 2013, no pet.) (mem. op.). Nor were the State's arguments so inflammatory that a timely instruction to disregard would not have alleviated the harm, if any, caused by the argument. *See Fierro,* 2013 Tex. App. LEXIS 2280, at *13. We cannot say that the complained-of arguments probably caused the rendition of an improper judgment. *See* Tex. R. App. 44.1(a). We overrule issue five.

## Motion for Directed Verdict

In issue six, Ramirez challenges the trial court's denial of his motion for directed verdict. Ramirez argues that he had a liberty interest in his plea bargain agreement, a contractual obligation on which the State reneged by filing a lawsuit with the intent of depriving him of his freedom.[2] He contends that the SVP statute "so restricts his personal freedom with no appreciable benefit to [him] or the community as to impair the contract he entered into with the State of Texas[.]" However, Ramirez did not present these arguments to the trial court in his motion for directed verdict. Because Ramirez's argument on appeal does not comport with that raised in the trial court, issue six is not preserved for appellate review. *See Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also In re Commitment of Anderson*, 392 S.W.3d 878, 883 (Tex. App.—Beaumont 2013, pet. denied). Therefore, we overrule issue six.

---

[2]In the summary of his argument, Ramirez also contends that his motion for directed verdict was improperly denied because the State failed to bring witnesses with personal knowledge of the facts of Ramirez's sexual offenses to testify as to what events actually occurred, but instead "brought the subjective, unreliable testimony of" Arambula and McGarrahan. Ramirez provides neither clear and concise argument for this position, nor appropriate citations to authorities when presenting this particular complaint. *See* Tex. R. App. P. 38.1(i). Moreover, we have already determined that the evidence is legally sufficient to support the jury's verdict. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (Appellate courts review a trial court's ruling on a motion for directed verdict under a legal sufficiency standard.).

## Motions to Strike

In issue seven, Ramirez challenges the denial of his motions to strike the testimony of McGarrahan and Arambula. Ramirez argues that the experts' testimony was too conclusory and speculative to bridge the analytical gap between their opinions and the data on which they relied. Conclusory or speculative testimony is not relevant evidence and bare, baseless opinions cannot support a judgment. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). We review a trial court's denial of a motion to strike for abuse of discretion. *Broyhill Furniture Indus. v. Murphy*, No. 05-11-01545-CV, 2013 Tex. App. LEXIS 10491, at *26 (Tex. App.—Dallas Aug. 20, 2013, no pet. h.) (mem. op.); *Harris Cnty. Appraisal Dist. v. Hartman Reit Operating P'ship, L.P.*, 186 S.W.3d 155, 157 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Arambula and McGarrahan are licensed in their respective fields, and they explained the methodologies they employed when determining whether Ramirez suffers from a behavioral abnormality. They explained that their evaluations were conducted in accordance with their training and the accepted standards for their respective fields. Both experts interviewed Ramirez in accordance with their training and reviewed and relied on the types of records used by experts in their fields, including records regarding Ramirez's background, offenses, and

incarceration. McGarrahan administered actuarial tests to Ramirez that are commonly used in her field to aid in assessing whether a person has a behavioral abnormality. Both experts explained in detail the facts and evidence relevant in forming their opinions and how those facts played a role in their evaluations. They concluded that Ramirez suffers from a behavioral abnormality as defined by the SVP statute. Their testimony is not so conclusory as to be completely lacking in probative value. *See Burnett*, 2009 Tex. App. LEXIS 9930, at *14. We overrule issue seven and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on August 29, 2013
Opinion Delivered October 17, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.