IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00376-CR

 

Germaine James,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Criminal Court at Law No. 11

Harris County, Texas

Trial Court No. 1272048

 



MEMORANDUM  Opinion










 

      James appeals her conviction
for assault of K. J. by causing him bodily injury.  See Tex. Penal Code Ann. § 22.01(a)(1)
(Vernon 2003).  We affirm.

      Factual Sufficiency. 
In James’s third issue, she contends that the evidence was factually
insufficient.  James argues that the evidence supporting the jury’s implied
finding that James did not act in self-defense was “so contrary to the
overwhelming weight of the evidence as to be manifestly unjust.”  (Br. at 39
(citing Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996); Stone
v. State, 823 S.W.2d 375 (Tex. App.—Austin 1992, pet. ref’d, untimely filed));
see James Br. at 34.)  

      “There is only one question to
be answered in a factual sufficiency review: Considering all of the evidence in
a neutral light, was a jury rationally justified in finding guilt beyond a
reasonable doubt?”  Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim.
App. 2006) (quoting Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim.
App. 2004), overruled in part on other grounds, Watson at 405; accord
Prible v. State, 175 S.W.3d 724, 730-31 (Tex. Crim. App.), cert. denied,
126 S. Ct. 481 (2005).  “We set aside the verdict only if the evidence is so
weak that the verdict is clearly wrong and manifestly unjust, or the contrary
evidence is so strong that the standard of proof beyond a reasonable doubt
could not have been met.”  Prible at 731; accord Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); see Zuliani v. State, 97 S.W.3d
589, 595 (Tex. Crim. App. 2003) (defense); see also Watson at 414-15. 
“A clearly wrong and unjust verdict occurs where the jury’s finding is
‘manifestly unjust,’ ‘shocks the conscience,’ or ‘clearly demonstrates bias.’” 
Prible at 731 (quoting Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997)).  The reviewing court must “exercise appropriate
deference in order to avoid substituting its judgment for that of the jury,
particularly in matters of credibility.”  Drichas v. State, 175 S.W.3d
795, 799 (Tex. Crim. App. 2005); accord Clewis, 922 S.W.2d at 133.  “A
decision is not manifestly unjust merely because the jury resolved conflicting
views of the evidence in favor of the State.”  Cain v. State, 958 S.W.2d
404, 410 (Tex. Crim. App. 1997).

      In general, “a person is
justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the
other’s use or attempted use of unlawful force.”  Tex. Penal Code Ann. § 9.31(a) (Vernon 2003).  

      James concedes that K. J.
testified that James bit and scratched K. J.’s arm and struck K. J.’s
eye.  James points to her own testimony and that of her mother, daughter, and
nephew.  James testified that K. J. threatened to hit her, and then did
strike her about her body, and that thereafter James struck K. J.  James’s
mother testified that she saw James and K. J. embracing in a struggle, but
did not see either strike the other.  James’s daughter testified that
K. J. punched James in the chest before James struck K. J., and that
after James’s mother broke up the fight, James went into another room and got a
knife.  James’s nephew testified that James struck K. J. after K. J.
accidentally struck James in the face, and corroborated testimony concerning
the knife.  When James returned with the knife, she threatened to kill
K. J.  K. J. had visible injuries; James did not.

      Viewing that evidence in a
neutral light, we hold that the jury’s verdict that James committed assault,
not in self-defense, was not so contrary to the overwhelming weight of the
evidence as to be manifestly unjust.  We overrule James’s third issue.

      Argument.  In
James’s first issue, she contends that the trial court erred in overruling
James’s objection to the State’s argument.  

      “We review the trial court’s
rulings on objections to argument for abuse of discretion.”  Pippillion v.
State, No. 10-04-00264-CR, 2006 Tex. App. LEXIS 3347, at *2 (Tex. App.—Waco Apr. 26, 2006, no pet.) (mem. op.) (not designated for publication); see
Goff v. State, 931 S.W.2d 537, 548 (Tex. Crim. App. 1996) (plurality op.); Bryant
v. Lucent Techs., Inc., 175 S.W.3d 845, 849 (Tex. App.—Waco 2005, pet.
denied).  “A trial court abuses its discretion when its decision is so clearly
wrong as to lie outside that zone within which reasonable persons might
disagree.”  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App.
2005); accord Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh’g).

      “Proper jury argument includes
four areas: (1) summation of the evidence presented at trial,
(2) reasonable deduction drawn from that evidence, (3) answer to the
opposing counsel’s argument, or (4) a plea for law enforcement.”  Jackson
v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000); accord Alejandro v.
State, 493 S.W.2d 230, 231-32 (Tex. Crim. App. 1973); see Howard v.
State, 153 S.W.3d 382, 386 (Tex. Crim. App. 2004), cert. denied, 126
 S. Ct. 1429 (2006).  “To constitute reversible error, the argument must be
manifestly improper or inject new, harmful facts into the case.”  Jackson at 673; accord Vineyard v. State, 96 Tex. Crim. 401, 404, 257
S.W. 548, 550 (1922) (op. on orig. submission).  “[I]f there is evidence in the
record supporting the comment, then no error is shown.”  Howard at 385.

      In “assessing the impact of
the harm arising from” improper State’s “jury argument,” we consider:
“(1) severity of the misconduct (the magnitude of the prejudicial effect
of the prosecutor’s remarks), (2) measures adopted to cure the misconduct
(the efficacy of any cautionary instruction by the judge), and (3) the
certainty of conviction absent the misconduct (the strength of the evidence
supporting the conviction).”  Threadgill v. State, 146 S.W.3d 654,
666-67 (Tex. Crim. App. 2004); see Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).  

      James complains of the
following italicized argument by the State:

And so let’s talk about those witnesses that
came in here.  Talk about [K. J.]  You know, in a perfect world, I would
pick victims that come in here and they look just like the ones on Law and
Order and they sit up there and talk in a clear, loud voice and they look at
you with conviction and they say, I was assaulted.  This is real life.  This
isn’t Law and Order.  [K. J.] talks fast.  He talks low.  He was
incredibly nervous on the day he took the stand.  But you know what,
[K. J.] talks like that every time you talk to him.  Every time I’ve
met with him.  Whether he’s telling you about the weather or his job—

(3 R.R. at 15.)  James objected:
“Objection, that’s outside, argument outside of this jury trial.  We would
object to that, Judge.  When he talked to her other times—” [sic] (Id.)  The trial court overruled the objection.

      As to the State’s argument
that K. J. talked fast, spoke softly, and was nervous during his
testimony, the trial court did not err in overruling the objection.  The trial
court and jury saw K. J. testify.  The trial court would not have abused
its discretion in finding the argument a reasonable deduction from the
evidence.  Likewise, as to the argument that K. J. always spoke as he did
when he testified, the trial court did not err.  The State points to a
recording of K. J.’s 9-1-1 emergency call in evidence, and argues that
K. J.’s speech was the same in the recording as it was in his trial
testimony.  The trial court would not have abused its discretion in finding the
State’s trial argument a reasonable deduction from the evidence.  

      As to the prosecutor’s
reference to meetings with K. J., assuming without deciding that the trial
court erred in overruling James’s objection to matters not in evidence, the prejudicial
effect of the argument would be negligible.  Since the trial court overruled
James’s objection, the trial court did not instruct the jury to disregard the
State’s argument.  For the reasons stated above, moreover, the evidence
supporting James’s conviction was strong.  Any error was harmless.

      The trial court did not err in
overruling James’s objection, or any error was harmless.  We overrule James’s
first issue.

      Assistance of Counsel. 
In James’s second issue, she contends that her trial counsel failed to
render the effective assistance of counsel.  James argues that counsel did not
refresh the memory of one of James’s witnesses with the witness’s prior written
statement.  See Tex. R. Evid.
612.  

      “In all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  U.S. Const.
amend. VI; see Rompilla v. Beard, 545 U.S. 374, 380 (2005); Strickland
v. Washington, 466 U.S. 668 (1984).  “Ineffective assistance under Strickland
[v. Washington] is deficient performance by counsel resulting in
prejudice, with performance being measured against an ‘objective standard of
reasonableness,’ ‘under prevailing professional norms.’”  Rompilla at
380 (quoting Strickland at 687, 688).  “[T]o establish prejudice, a
‘defendant must show that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.’”  Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland at 694); see Rompilla at 390.  

      “[C]ounsel is ‘strongly
presumed’ to make decisions in the exercise of professional judgment.”  Yarborough
v. Gentry, 540 U.S. 1, 5 (2003) (quoting Strickland, 466 U.S. at 690).  “That presumption has particular force where a petitioner bases his
ineffective-assistance claim solely on the trial record, creating a situation
in which a court ‘may have no way of knowing whether a seemingly unusual or
misguided action by counsel had a sound strategic motive.’”  Id. at
5-6 (quoting Massaro v. United States, 538 U.S. 500, 505 (2003))
(internal citation omitted).  “A Strickland claim must be ‘firmly
founded in the record’ and ‘the record must affirmatively demonstrate’ the
meritorious nature of the claim.”  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999)); accord Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005).  “In the absence of anything in the record
affirmatively demonstrating otherwise, we presume that . . . counsel
made a reasonable and strategic decision . . . .”  Salinas at 740.

Direct appeal is usually an inadequate vehicle
for raising such a claim because the record is generally undeveloped.  This is
true with regard to the question of deficient performance—in which counsel’s
conduct is reviewed with great deference, without the distorting effects of
hindsight—where counsel’s reasons for failing to do something do not appear in
the record.

Goodspeed at 392 (internal footnotes omitted); see
Wiggins, 539 U.S. at 523; Strickland, 466 U.S. at 689; Thompson at
814.  “[T]rial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective.”  Goodspeed at 392
(quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003));
accord Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). 
“Absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was ‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed at 392 (quoting Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

      An appellant establishes
ineffective assistance in counsel’s failure to provide evidence to refresh a
witness’s memory only if the appellant establishes that the evidence would have
refreshed the witness’s memory so as to produce probative testimony that the
witness would otherwise not have remembered.  See Oldham v. State, 5
S.W.3d 840, 849 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d); Rangel v.
State, No. 04-01-00797-CR, 2003 Tex. App. LEXIS 558, *17 (Tex. App.—San Antonio Jan. 22, 2003, no pet.) (not designated for publication).

      James argues that the witness
gave a written statement to police at the time of the assault, and that the
statement would have refreshed the witness’s memory concerning the assault.  No
such statement is in evidence, nor is there any evidence that such a statement
would have refreshed the witness’s memory.  Nor does the record contain the
reason for counsel’s conduct in not attempting to refresh the witness’s
memory.  James does not establish that trial counsel did not render the
effective assistance of counsel.  We overrule James’s second issue.

      Having
overruled James’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed January 17, 2007

Do not publish

[CR25]