### In re COMMITMENT OF Donald LARKIN.

#### No. 09-04-375 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 17, 2005.

Decided April 7, 2005.

Daniel E. Maeso, Section Chief–State Counsel for Offenders, Nelda F. Williams, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit–Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The State of Texas filed a petition to commit Donald Larkin as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.147 (Vernon 2003 & Supp.2005). The jury found Larkin suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence and that Larkin has serious difficulty in controlling his sexually violent behavior. Larkin presents four issues in his appeal from the judgment and order of civil commitment. We find no error and affirm the judgment.

In his first issue, Larkin urges that the trial court abused its discretion in denying appellant the right to ask venirepersons proper questions designed to determine bias. The State contends that the trial court properly sustained its objections to improper commitment questions. The bulk of the appellant's discussion of this issue centers on one question. The trial court sustained the State's objection to the following:

[By Respondent's Counsel]: If the—if the question regarding the prior sexually violent offenses is proved, would you then have such a bias against Mr. Larkin because he is—has been proved to you to be a sexually—a person who has committed sexually violent crimes? Do you think that at that point that you would consider, for your own purposes, whether he's going to do it again in the future has already been decided?

At the bench, the trial court explained the ruling, as follows:

THE COURT: The whole purpose of this trial is for the jury to ultimately decide whether he's likely to reoffend again. If a portion of that evidence is that he's had two priors, then that is part of the evidence that they're going to use to decide whether he's likely to reoffend.

So, asking them if that's going to affect them is like asking them—you're trying to ask them to ignore the evidence in this case and not be affected by the evidence, which is not proper. They're supposed to be affected. That's the whole purpose of this trial.

We apply an abuse of discretion standard to voir dire examination, keeping in mind that the trial court should allow a litigant broad latitude to discover bias or prejudice by potential jurors. *Babcock v. Northwest Memorial Hosp.*, 767 S.W.2d 705, 709 (Tex.1989). Larkin argues that the question was designed to uncover jurors who would be so biased that they would not consider all of the evidence before deciding the appellant would likely reoffend. He analogizes his case to *Vasquez v. Hyundai Motor Co.*, 119 S.W.3d 848 (Tex.App.-San Antonio 2003, pet. granted), an airbag products liability case in which the Court of Appeals held that the trial court erred in precluding the plaintiffs from asking the venire questions

about bias against non-users of seat belts. *Id.* at 851. The issue in *Vasquez* was whether the trial court could preclude inquiry into whether the prospective jurors would be so influenced by the evidence of non-use of a seat belt to secure a child that they would not consider any of the other evidence in the case. *Id.* at 850–53. In marked contrast to the situation in *Vasquez,* counsel in this case asked if particular evidence would have a persuasive effect but not whether it would have a prejudicial effect. As the trial court explained, the State may rely upon the respondent's prior conduct to prove the likelihood of future conduct. Only if the juror will not act with impartiality could the juror be challenged for cause for improper bias. TEX. GOV'T CODE ANN. § 62.105(4) (Vernon 1998); *Compton v. Henrie,* 364 S.W.2d 179, 182 (Tex.1963) ("[T]o disqualify, it must appear that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality."). On appeal, Larkin argues he sought to determine "whether the fact that Appellant had two prior convictions would prevent them from considering all the evidence." That may well have been a proper question under the precedent set by *Vasquez,* but it is not the question asked during jury selection in this case. The trial court did not abuse its discretion by ruling that the question asked by counsel improperly sought to commit the members of the venire on the weight of particular evidence.

Larkin also asserts error based upon related objections also sustained by the trial court. Immediately before asking the question discussed above, counsel asked the members of the venire the following question:

Now, one of these questions is regarding, he has to have committed at least two prior sexually violent offenses. And because this is a civil case, if I tell you I believe the facts in this case will show that he has, in fact, four convictions involving children, can you—who here can say, "I can take that proof of the four convictions, and then I can still, with an open mind, listen to expert testimony regarding whether he will or will not reoffend"? Who thinks that's just absurd?

The trial court instructed counsel, "Rephrase your question in the form of the statute." From the trial court's instruction, it is evident that the question was excluded because it asked the jurors to commit to a result on the particular facts of the case, that is, four prior convictions for sexual assault on a child, and that the trial court sustained the objection based on the form of the question. This ruling is within the trial court's discretion.

Immediately after the trial court sustained the first two objections, counsel directed an inquiry to a particular member of the venire, as follows:

[By Respondent's Counsel]: Okay. No. 5, why don't you just explain to me how, if there were convictions—I believe you said if there were convictions you would be biased. Would you explain?

[By Venire Member]: Well, if he had more than two convictions, probable guess would be he's going to do it again, repeat offenders.

[Counsel]: If—so, if there were two convictions, would you then be biased against him in—would you say if it were a race, at that point, we're lagging a little bit behind?

[Venire Member]: If he's had them, I'm going to—I would say in my mind right now—just telling you the truth—very good chance, probably 98 percent in my mind, that he's going to do it again.

[Counsel]: Okay. And that's based on your—your experience then as a—

you know, there's just a fiction—I mean, we do—we do exist in the courtroom in a fiction. This is, you know, you're going to likely think something like that. You don't withhold your judgment in your real life, not as much as we do here. You don't have to wait until everything is in, and you don't have this sort of fiction that is in the American courtroom.

Now, you are not to leave behind your common sense, because I'll be counting on your common sense when we get to the issue of whether Mr. Larkin is, in fact, a sexually violent predator.

But, No. 5, you're saying, if these—if these are proved up to you, then at that point, it's all over for you; is that right?

At that point, the court sustained the State's objection. Counsel restated the question, as follows:

[By Respondent's Counsel]: Okay. And you would have a bias in that direction; is that—

[By Venire Member]: Uh-huh.

[Counsel]: You would prejudge him in that direction; is that fair?

[Venire Member]: That's correct.

Counsel was able to explore the potential juror's "bias." The trial court's ruling did nothing more than preclude counsel from securing a commitment on the weight of the evidence. This ruling, too, is within the trial court's discretion.

Immediately following the above-referenced exchange with Juror No. 5, counsel engaged in the following exchange with Juror No. 2:

[By Respondent's Counsel]: [Juror No. 2], do you think that you would have a bias against the respondent if these sexual convictions were shown?

[By Venire Member]: I believe so.

[Counsel]: And you don't think that you could hear evidence then?

[Venire Member]: Yeah, I could hear the evidence, but I think it affects the decision.

[Counsel]: Okay. Well, a bias is a leaning towards one side or the other or a prejudgment. Do you think that the proof of these crimes, then, would prejudge you toward finding him to be a sexually violent predator; is that fair?

[Venire Member]: Didn't quite understand what you were saying.

[Counsel]: Well, tell me, then, what effect, if two convictions are proved to you, what effect would that have on your thinking at that point?

[Venire Member]: I would believe that he's likely to do it again.

[Counsel]: So you couldn't move on to the second part, because that would have proved it to your satisfaction; is that fair?

Counsel for the State objected to that question; the court sustained the objection and had counsel approach the bench for the discussion, and the trial court's explanation of its ruling previously described in this opinion. At the point where the trial court disallowed a question, counsel had already asked if the potential juror would have a bias and whether he would consider all of the evidence. We also note that counsel subsequently obtained a showing of hands for the following question:

[By Respondent's Counsel]: Okay. If he did this, if this psychiatrist says this, you know, you have to weigh all this evidence. And what I'm looking for, really, is for you to have a prejudice against this subject matter, which is— which is nasty, this is the time now to tell me, to let me know, because if you wouldn't want you on your jury, if you were Mr. Larkin, then please raise your hand.

The trial court declined to restrict counsel's questions the next time the State's counsel objected that counsel was trying to "put magic words in the venire person's mouth by saying in response to potential evidence, ... 'Does that create a bias?'" For the remainder of jury selection, trial counsel freely questioned individual members of the venire about the effect of evidence of past conduct and their potential for bias against the appellant. The trial court also allowed counsel an additional ten minutes for voir dire.

■ "A court abuses its discretion when its denial of the right to ask a proper question prevents determination of whether grounds exist to challenge for cause or denies intelligent use of peremptory challenges." *Babcock,* 767 S.W.2d at 709. In contrast to the situation in *Babcock,* Larkin's counsel was not prohibited from inquiring about the venire members' attitudes on a social issue with a potential to create bias or lack of impartiality. The record does not support the appellant's claim that the trial court prevented counsel from determining bias in order to make challenges for cause and exercise peremptory challenges. We find no abuse of discretion in the manner in which the trial court conducted jury selection. Issue one is overruled.

■ The appellant's second issue contends the judgment is void because Health and Safety Code § 841.041 violates the state constitutional prohibition on the passage of special and local laws changing the venue in civil and criminal cases. *See* TEX. CONST. art. 3, § 56; TEX. HEALTH & SAFETY CODE ANN. § 841.041(a) (Vernon Supp. 2005). Larkin did not present this challenge to the trial court, and raises the issue for the first time on appeal. Therefore, no error is preserved for appellate review. *In re Commitment of Johnson,* 153 S.W.3d 129, 130–31 (Tex.App.-Beau-

mont 2004, no pet.); TEX.R.APP. P. 33.1. Issue two is overruled.

■ In his third issue, Larkin argues Section 841.082(d) of the Texas Health and Safety Code is void for vagueness "in that it appears to mandate the trial judge to transfer jurisdiction 'for purposes of appeal' to another district court." *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (Vernon Supp.2005) ("Immediately after the case becomes final for purposes of appeal, the judge shall transfer jurisdiction of the case to a district court, other than a family district court, having jurisdiction in the county in which the person is residing, except that the judge retains jurisdiction of the case with respect to a civil commitment proceeding conducted under Subchapters F and G."). We considered and rejected this claim in *In re Commitment of Lowe,* 151 S.W.3d 739, 741–44 (Tex.App.-Beaumont 2004, pet. filed). We reject Larkin's argument for the same reasons expressed in *Lowe.* Referring to the opinion on the merits in *In re Commitment of Browning,* 113 S.W.3d 851 (Tex.App.-Austin 2003, pet. denied), Larkin suggests an earlier order of this Court construed Section 841.082(d) to require transfer of an appeal to the appellate district for the transferee court. In *Browning,* the appellant filed notice of appeal in both the transferor and the transferee courts, creating duplicate appeals; the Supreme Court transferred the appeal filed in this Court to the Austin Court of Appeals as a discretionary transfer, thereby eliminating the duplication caused by the unilateral action of the appellant. The Court did not address the issue of which notice of appeal operated to invoke jurisdiction. *See* Administrative Order No. 03–9007 (Tex. Feb. 5, 2003). Issue three is overruled.

■ In his fourth issue, Larkin contends the commitment requirements of

Health and Safety Code Section 841.082, and the final judgment and commitment order entered in accordance with the statute, violate due process because they are overly broad and vague. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a) (Vernon Supp.2005). The same arguments presented by Larkin were also presented and rejected in other appeals taken under Chapter 841 of the Health and Safety Code. *See Johnson,* 153 S.W.3d at 131–32; *In re Commitment of Castillo,* 144 S.W.3d 655, 656–57 (Tex.App.-Beaumont 2004, no pet.). Some of the arguments presented in the brief were addressed in Larkin's previous appeal; we will not revisit those arguments now. *See In re Commitment of Larkin,* 127 S.W.3d 930, 932 (Tex.App.-Beaumont 2004, no pet.).

In *Johnson,* we held the appellant failed to preserve error on his complaints regarding a document titled "Civil Commitment Requirements: Treatment and Supervision Contract." *Johnson,* 153 S.W.3d at 132. The document was attached to Larkin's pre-trial motion to dismiss the State's petition on the ground that it was unconstitutionally punitive. Although the document is attached to a pre-trial motion, Larkin did not present the trial court with the vagueness challenge discussed in his brief, nor did he obtain a ruling from the trial court on his objections to the individual requirements mentioned in his brief on appeal. Counsel did mention to the trial court that she wanted to submit expert testimony on Larkin's inability to be successfully treated without special conditions. The trial concluded without presenting the expert testimony and the appellant did not obtain a ruling on any specific treatment requirements. Because the errors asserted on appeal were not presented to the trial court, the appellant's arguments have not been preserved for appellate review. *Id.;* TEX.R.APP. P. 33.1. Issue four is overruled. We affirm the judgment.

AFFIRMED.