Affirmed and Memorandum Opinion filed February 12, 2009








Affirmed and Memorandum Opinion filed February 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00504-CR

____________

 

FRANKLIN DUANE WALSTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1076835

 



 

M E M O R A N D U M   O P I N I O N

Appellant Franklin Duane Walston appeals his conviction of
failure to comply with a civil commitment, claiming that the prior charge
warranting his civil commitment, with which he did not comply, could not also
be used as an enhancement for punishment.  We affirm. 

I.  Factual and Procedural Background








Appellant was charged by indictment with the felony offense
of violation of a civil commitment requirement.  The indictment contained two
enhancement paragraphs, in which the State set forth appellant=s 1990 conviction
for aggravated sexual assault of a child and a 2001 conviction for violation of
a civil commitment requirement.

Appellant pleaded Aguilty@ to the charged
offense and Atrue@ to the two enhancement paragraphs.  After
a presentence investigation, the trial court found appellant guilty as charged
and found the enhancement paragraphs true.  The trial court assessed a life
sentence. In a single issue, appellant challenges the sentence imposed,
claiming that the law does not authorize use of the 1990 conviction for
enhancement purposes because that conviction served as the basis for requiring
his civil commitment.

II.  Failure to Preserve Error

To preserve a complaint for
appellate review, a party must make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of the complaint.  Tex. R. App. P. 33.1(a).  Appellant has
not cited and we have not found any place in the appellate record showing that
appellant raised this issue with the trial court.  To the contrary, appellant
pleaded Atrue@ to both enhancement paragraphs when he pleaded Aguilty@ to the charged offense.  Moreover,
the record contains no evidence that appellant=s 1990 conviction served as the basis for requiring
civil commitment.  Appellant did not present this challenge to the trial court
and the record contains no factual support for it.  Therefore, no error is
preserved for appellate review.  See id.; see also In re
Commitment of Larkin, 161 S.W.3d 778, 783 (Tex. App.CBeaumont 2005, no pet.). 
Accordingly, we overrule appellant=s sole issue on appeal and affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of
Justices Anderson and Frost and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).









*  Senior Justice J. Harvey Hudson sitting by
assignment.