**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00085-CV**

_____

**IN RE COMMITMENT OF ALFRED VILLEGAS**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-07-07862-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Alfred Villegas as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Villegas is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. Villegas presents several appellate issues challenging the trial court's jurisdiction, the legal and factual sufficiency of the evidence, the admission of hearsay evidence, statements made during voir dire, and the constitutionality of the SVP statute. We affirm the trial court's judgment.

Jurisdiction

In issues one and two, Villegas contends the trial court lacked jurisdiction over the State's petition for civil commitment.[1] Villegas argues that the SVP statute does not apply to individuals who are facing parole instead of unconditional release. He further contends that, if the statute does apply, the present case was not ripe because it depended upon speculation regarding when he might be paroled. This Court has previously held that the SVP statute "does not distinguish between those anticipated to be released on parole and those anticipated to be released unconditionally as a result of completion of their sentences." *In re Commitment of Evers*, ___ S.W.3d ___, No. 09-11-00430-CV, 2012 Tex. App. LEXIS 10274, at *4 (Tex. App.—Beaumont Dec. 13, 2012, pet. filed) (not yet released for publication). We further held that "[w]hether the person is convicted of another offense after the State files a petition seeking civil commitment . . . or whether a person is released on parole or released unconditionally, there is nothing in [the SVP statute] that indicates the Legislature intended to divest the trial court of jurisdiction." *Id.* at **12-13. For these reasons, we reject Villegas's jurisdictional arguments.

---

[1]The State contends that Villegas failed to preserve his complaint for appellate review. However, the ripeness component of subject matter jurisdiction cannot be waived and may be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000).

In its amended petition filed in the 435th District Court in Montgomery County, the State alleged that Villegas is "a sexually violent predator" and "a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." The petition lists Villegas's two convictions for sexually violent offenses. The State alleged facts that affirmatively demonstrated the trial court's subject matter jurisdiction. *See* Tex. Health & Safety Code Ann. § 841.041(a) (West 2010) (requiring that the State allege in its civil commitment petition that the person is a sexually violent predator, state facts sufficient to support that allegation, and file its petition "in a Montgomery County district court other than a family district court"). Because the trial court had subject matter jurisdiction over the commitment proceeding, we overrule issues one and two.

## Sufficiency of the Evidence

In issues three through eight, Villegas challenges the legal and factual sufficiency of the evidence to support findings that he is a menace to the health and safety of another person, is likely to engage in a predatory act of sexual violence, has a behavioral abnormality, and has serious difficulty controlling his behavior. Villegas argues that: (1) no evidence showed that he is dangerous in prison or will be dangerous in the free world; (2) the experts' paraphilia diagnosis was based on

3

two offenses that occurred years apart and was not supported by general diagnostic features; and (3) his past crimes cannot support serious difficulty in controlling his behavior.

The State must prove, beyond a reasonable doubt, that "the person is a sexually violent predator." Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. §

841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. at § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

Dr. Jack Randall Price, a clinical and forensic psychologist, and Dr. Sheri Gaines, a medical doctor with a specialty in psychiatry, both determined that Villegas has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Price and Gaines diagnosed Villegas with paraphilia not otherwise specified, polysubstance dependence in remission, and antisocial personality disorder. Gaines testified that paraphilia and antisocial personality disorder are chronic conditions. She explained that paraphilia not otherwise specified means that the diagnosis does not "neatly fit into another category." Price testified that Villegas's polysubstance dependence and lack of control over his sexual deviance in the free world "lessen[] his behavioral

5

controls." Price explained that the combination of sexual deviance and antisocial personality disorder involves a lack of empathy for others and a lack of responsibility for one's own criminal conduct, which increases the chance that Villegas will act on his sexually deviant thoughts and arousal. Gaines explained that Villegas's polysubstance dependence and antisocial personality disorder increase the risk that he will commit future acts of sexual violence. Price affirmed that paraphilia affects Villegas's emotional or volitional capacity to the extent that he is a menace to the health and safety of others. He explained that the fact Villegas has no other sexual offenses in his past does not change the fact that he has convictions for two serious sexual offenses. Gaines testified that, even today, Villegas blames the victims and only takes partial responsibility for his offenses.

Price conducted actuarial tests and testified that Villegas's score on the psychopathy checklist was moderately high, which indicates an increased risk of reoffending. On the Static-99R, Villegas fell within the moderate to high level of risk for reoffending. Price and Gaines identified the following factors as indicative of Villegas's increased risk of reoffending: history of diverse sexual offenses, commission of a sexual offense while on community supervision, commission of an offense after incarceration, failure to follow probation and parole, use of alcohol or drugs during sexual offenses, use of violence and coercion during an offense,

6

minimization or denial of sexual offenses, lack of empathy for victims, antisocial personality disorder, vague plan upon release, lack of insight, and lack of adult intimate relationships. Price and Gaines also identified some protective factors: older age, relatively good disciplinary history in prison, some education, some family support, no evidence of a major mental illness, good institutional adjustment, participation in sex offender treatment and substance abuse classes, involvement in religion, and potential employment skills.

Villegas testified that he had no one to teach him the rules, was negatively influenced by others, and was apathetic towards others. He explained that he now sees life differently, wants to change, and understands that he cannot hurt others. Villegas testified that he has obtained a GED and auto mechanic certification, completed the "Changes" program and substance abuse programs, participated in sex offender treatment, and converted to Judaism, which he testified taught him empathy. He acknowledged that other people are not the reason for his behavior in the free world and he testified that he accepts responsibility for his behavior.

Villegas described himself as a "[p]rogressing sex offender" because of his past actions and agreed that he is not cured. He explained that, to avoid a lapse, he must be aware of the situation and base his decisions on the consequences. Villegas planned to make a "daily inventory" of himself as a reminder of the "risk

7

factors" so that he could better handle himself. He planned to attend substance abuse classes, register as a sex offender, attend therapy, and seek a mentor. He believed his behavior has changed and that he can control his behavior.

Price, however, opined that Villegas's past behavior indicates that he cannot control his behavior in the free world. Price and Gaines both believed that the sex offender treatment Villegas has received in prison is insufficient to change the fact that he has a behavioral abnormality. Gaines expressed concern about whether Villegas will be able to maintain his sobriety once in the free world. Price explained that, unlike the free world, prison is highly structured.

In light of the evidence presented to the jury, we conclude that the record contains legally and factually sufficient evidence by which the jury could determine that Villegas is a sexually violent predator. The jury heard the experts' opinions that Villegas has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, as well as evidence of Villegas's risk factors, actuarial test scores, criminal history, sexual offenses, and diagnoses of paraphilia, polysubstance abuse, and antisocial personal disorder. The jury also heard Price expressly state that Villegas's paraphilia diagnosis affects his emotional or volitional capacity to the extent that he is a menace to the health and

8

safety of others and that he did not believe Villegas could control his behavior in the free world.

The jury was entitled to infer current serious difficulty controlling behavior based on Villegas's past behavior, Villegas's testimony, and the experts' testimony. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). The jury could reasonably conclude that Villegas has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization. *See Mullens*, 92 S.W.3d at 887; *see also Almaguer*, 117 S.W.3d at 505-06; *Burnett*, 2009 Tex. App. LEXIS 9930, at *13. Such conclusions are implicit in the jury's finding that Villegas is a sexually violent predator, which the charge defined as one who suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See Grinstead*, 2009 Tex. App. LEXIS 228, at *16; *see also In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.).

Reviewing all the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Villegas has a behavioral abnormality that predisposes him to commit a predatory act of sexual violence; therefore, the evidence is legally sufficient. *See Kansas v. Crane,* 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002); *see also Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule Villegas's third, fourth, fifth, sixth, seventh, and eighth issues.

Evidentiary Issues

In issues nine and ten, Villegas challenges the admission of alleged hearsay evidence. Villegas complains that the trial court allowed Price to testify that Villegas committed his first sexual offense in the presence of the victim's child, may have attempted inappropriate behavior with his niece, may have sexually assaulted his second victim on more than one occasion, and was found to have a behavioral abnormality by the multidisciplinary team coordinator.

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). Error may not be

predicated upon a ruling which admits evidence unless the party's substantial rights are affected. Tex. R. Evid. 103(a). We will not reverse for an error of law unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the appellate court. Tex. R. App. P. 44.1(a).

Assuming without deciding that the trial court abused its discretion by allowing the complained-of testimony, we cannot say that Villegas's substantial rights were affected. *See* Tex. R. Evid. 103(a); *see also* Tex. R. App. P. 44.2(a). During Price's testimony, the trial court gave the jury a limiting instruction regarding the use of hearsay evidence. During cross-examination, Gaines testified that another doctor reached the same conclusions as both Price and herself. During arguments, the State focused on the elements required to prove sexually violent predator status, specifically how the evidence established a behavioral abnormality. The State mentioned that the first victim was assaulted in her daughter's presence and that a third person found that Villegas has a behavioral abnormality. The record does not indicate that the State mentioned acts against Villegas's niece or additional acts against the second victim. In its charge, the trial court advised the jury that hearsay found in the records reviewed by the experts cannot be considered to prove the truth of the matter asserted.

11

We presume the jury followed the trial court's instructions regarding hearsay. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 771 (Tex. 2003). Additionally, without the complained-of testimony, the record contains sufficient evidence from which the jury could find Villegas to be a sexually violent predator. We cannot conclude that any error in the admission of Price's testimony probably caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). We overrule issues nine and ten.

Voir Dire

In issue eleven, Villegas complains of comments made to the venire panel that he alleges minimized the jury's role in the case. A trial court has broad discretion when conducting voir dire, and we apply an abuse of discretion standard to the trial court's decisions regarding voir dire examination. *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006); *In re Commitment of Larkin*, 161 S.W.3d 778, 780-81 (Tex. App.—Beaumont 2005, no pet.).

After the State explained to the venire members that the behavioral abnormality issue is a "yes" or "no" question, the trial court interjected with: "[T]he effect of that question, by the legislature, has been left up to me." The State subsequently told the panel that "nobody is going to prison or losing their liberty in this case." Villegas argues that these comments were inaccurate and permitted the

12

jury to minimize its role and the effect of its verdict. However, the record does not indicate that Villegas objected to these statements. *See* Tex. R. App. P. 33.1(a); *see also Jones v. Scott*, No. 07-04-0077-CV, 2011 Tex. App. LEXIS 8391, at *9 (Tex. App.—Amarillo Oct. 20, 2011, no pet.) (mem. op.). Therefore, issue eleven is not preserved for appellate review. Accordingly, we overrule issue eleven.

Supplemental Issue

In a supplemental issue, Villegas argues that the Texas Supreme Court's decision in *In re Bohannan*, No. 10-0605, 2012 Tex. LEXIS 734 (Tex. Aug. 31, 2012) (not yet released for publication) interpreted portions of the SVP statute in such a way as to violate due process and render the statute facially unconstitutional. In *Bohannan*, the Texas Supreme Court explained that a behavioral abnormality is a condition that predisposes sexually violent conduct. *Bohannan*, 2012 Tex. LEXIS 734, at *14. The Court explained that "condition and predisposition are one and the same[,]" and "whether a person 'suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence' is a single, unified issue." *Id*. at **16-17.

Villegas contends that *Bohannan* permits civil commitment based solely on a predisposition to violence and eliminated the "condition" requirement, which effectively eliminates any requirement that the person have serious difficulty

controlling his behavior. However, this Court has previously addressed these arguments and concluded that "*Bohannan* did not eliminate any proof required by the statute for a sexually-violent-predator finding, nor did the Supreme Court change the statute or render it unconstitutional." *In re Commitment of Anderson*, ___ S.W.3d ___, No. 09-11-00613-CV, 2013 Tex. App. LEXIS 602, at *17 (Tex. App.—Beaumont Jan. 24, 2013, no pet. h.) (not yet released for publication). We, therefore, overrule Villegas's supplemental issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 4, 2012
Opinion Delivered February 21, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.

14