In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00132-CV
_____

IN RE COMMITMENT OF RAYNALDO C. PEREZ

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 11-05-05228-CV

MEMORANDUM OPINION

The State of Texas filed a petition to commit Raynaldo C. Perez as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Perez is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. On appeal, Perez challenges the trial court's jurisdiction, the trial court's decision to grant the State's motion for protective order, the trial court's limitation of voir dire, the trial court's refusal to split the jury question into two parts, the legal and factual

1

sufficiency of the evidence, and the constitutionality of the SVP statute. We affirm the trial court's judgment.

Jurisdiction

In issue one, Perez contends that (1) the SVP statute does not apply to individuals who are facing release on parole and (2) the present case was not ripe because he was not facing unconditional release and the date of unconditional release is speculative. However, we have held that the SVP statute "does not distinguish between those anticipated to be released on parole and those anticipated to be released unconditionally as a result of completion of their sentences." *In re Commitment of Evers*, ___ S.W.3d ___, No. 09-11-00430-CV, 2012 Tex. App. LEXIS 10274, at *4 (Tex. App.—Beaumont Dec. 13, 2012, pet. filed) (not yet released for publication). Whether a person is convicted of another offense after the State files a petition seeking civil commitment or is released on parole or released unconditionally, nothing in the SVP statute indicates that the Legislature intended to divest the trial court of jurisdiction. *Id.* at **12-13. We, therefore, reject Perez's jurisdictional arguments.

In its petition filed in the 435th District Court in Montgomery County, the State alleged that Perez is "a sexually violent predator" and "a repeat sexually violent offender who suffers from a behavioral abnormality that makes him likely

2

to engage in a predatory act of sexual violence." The petition lists Perez's convictions for sexually violent offenses. The State alleged facts that affirmatively demonstrated the trial court's subject matter jurisdiction. *See* Tex. Health & Safety Code Ann. § 841.041(a) (West 2010) (The State must allege in its civil commitment petition that the person is a sexually violent predator, state facts sufficient to support that allegation, and file its petition "in a Montgomery County district court other than a family district court[.]"). Because the trial court had subject matter jurisdiction over the commitment proceeding, we overrule issue one.

## Sufficiency of the Evidence

In issues five and six, Perez challenges the legal and factual sufficiency of the evidence to support the jury's verdict. He contends that the evidence is insufficient to establish that he has serious difficulty controlling his behavior and is likely to re-offend.

The State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont

3

2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* at § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

4

Perez was previously convicted of several counts of aggravated sexual assault of a child. At trial, Perez admitted acting on his sexual urges toward children, behaving violently, and struggling to control his anger and sexual urges. He explained that he participated in sex offender treatment, does not need to avoid children, no longer has a sex drive, and is not a high risk for sexually assaulting children. Perez testified that he can control his behavior because he is older and no longer has urges toward children. He testified that he abandoned drugs and alcohol and would not be returning to substance abuse. Perez denied having problems following rules and laws in the free world. He testified that, upon release, he has a home available and plans to purchase tools to rent to other people.

Dr. Jason Dunham, a forensic psychologist, testified that Perez suffers from pedophilia, antisocial personality disorder with psychopathy, exhibitionism, alcohol abuse, sexual deviancy, and rule-out mood disorder, schizophrenia, and malingering. Dr. Lisa Clayton, a medical doctor specializing in psychiatry and forensic psychiatry, diagnosed Perez with pedophilia (female non-exclusive type), paraphilia exhibitionism or paraphilia not otherwise specified exhibitionism, alcohol dependence in institutional remission, and antisocial personality disorder. Dunham described pedophilia and antisocial personality disorder as lifelong conditions. He explained that Perez believes the victims initiated and enjoyed

5

sexual contact with Perez, but Dunham testified that Perez's behavior with the victims was sexually deviant, abnormal, and predatory. Clayton testified that sexual deviance is treatable, but that as recently as 2011, Perez had admitted having sexual interest in children.

Dunham testified that Perez's score on the Static 99-R actuarial test placed Perez in a moderate to high risk category of reconviction for a sexual offense. Perez's score on the Minnesota Sex Offender Screening Tool placed Perez in the high risk category for reoffending. Dunham testified that Perez's score on the Hare Psychopathy Checklist indicates that Perez suffers from a high level of psychopathy. According to Dunham, Perez has several psychopathic traits: pathological lying, conning and manipulative behavior, lack of remorse, guilt, and empathy, shallow affect, callousness, parasitic lifestyle, poor behavioral controls, promiscuous sexual behavior, early behavioral problems, irresponsibility, revocation of parole, and criminal versatility.

Dunham also identified several factors that increase Perez's risk of re-offense: coercion, escalation, planning, variety of sexual acts and victim types, noncontact sexual offenses, number of victims, lack of empathy and remorse, poor self-appraisal of risk, dysfunctional thinking style, recent sexual deviancy, and commission of offenses in a public place, offending while married, in sex offender

6

treatment, and while on parole. Clayton identified additional risk factors: failure to take responsibility, history of other criminal behaviors and violent acts, lack of response to sex offender treatment, admissions to having other victims and being sexually stimulated by inappropriate sexual objects, unrealistic plans for avoiding children, sex drive, manipulative characteristics, and history of alcohol abuse. Dunham identified Perez's likeability as a positive factor. Clayton identified Perez's disability income as a protective factor.

Dunham testified that Perez has a consistent pattern of offending, has committed non-contact sexual offenses, and has ongoing sexual fantasies and sexual preoccupation. According to Dunham, Perez's combination of contact and non-contact sexual offenses indicates an inability to control sexual behavior. Clayton testified that Perez has a long history of criminal, assaultive, violent, sexually abusive, and impulsive behavior. Clayton explained that Perez's history of sexual and nonsexual offenses is evidence that Perez has a condition that affects his emotional and volitional capacity and is a menace to the health and safety of others. She testified that past behavior is a good predictor of future behavior. Dunham and Clayton both concluded that Perez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Dr. Anna Shursen, a licensed professional counselor and sex offender treatment provider, testified that Perez does not have a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Shursen diagnosed Perez with sexual abuse of a child, but explained that a person can be a sex offender and not have a behavioral abnormality. She explained that people who have participated in sex offender treatment do about forty percent better than people who have not participated in treatment. According to Shursen, Perez took responsibility for his actions, claimed to no longer have sexual urges toward children, and was in the free world for seven years on parole without any indication of re-offense. Shursen believed that Perez no longer has an attraction to children and that, if he does, he can control it. She did not believe he needs additional sex offender treatment to avoid reoffending.

Shursen admitted that Perez has several risk factors: convictions for reprehensible offenses, movement back into society after a lengthy incarceration, violation of parole, and minimization. However, Shursen administered the Static 99-R, Static 2002 R, and MnSOST actuarial tests and explained that Perez's scores placed him in the low risk category for re-offense. She testified that his score on the Hare Psychopathy test indicates that Perez is not psychopathic. Shursen also opined that Perez has "strong protective factors[,]" including low actuarial test

8

scores, support upon release, employment goals, older age, previous release without any indication of offenses, a long-term relationship with his former wife, lack of current substance abuse issues, and sex offender treatment when on parole. She believed that Perez has positive plans upon release. She also testified that Perez's daughter and former wife supported Perez and looked forward to his release.

Perez's daughter testified that Perez has never inappropriately touched her, her children, her friends, or her family. She testified that Perez never acted inappropriately with children when on parole, Perez fully participated in his sex offender treatment classes, and she was not concerned that Perez would reoffend. She testified that Perez wanted to change his life and she believed that Perez has learned from his mistakes.

On appeal, Perez complains that the State' experts gave conclusory and speculative testimony, which he contends is insufficient to support the jury's verdict. We disagree. Both Dr. Dunham and Dr. Clayton are licensed in their respective fields. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *14 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.). They interviewed Perez and reviewed records regarding his background, offenses, and incarceration. *See id*. Dr. Dunham administered

9

actuarial tests and testified that these types of tests are generally accepted in his field. The experts relied on the types of records relied on by experts in their respective fields and performed their evaluations in accordance with their training as professionals in their respective fields. *See id.* Dr. Dunham and Dr. Clayton both based their opinions on the facts and data gathered from the records they reviewed, their interviews with Perez, and the risk assessments they conducted. *See id.* They explained in detail the facts and evidence they found relevant in forming their opinions and how those facts played a role in their evaluations. *See id.* Both experts concluded that Perez suffers from a behavioral abnormality as defined by the SVP statute. *See id.* Their testimony is not so conclusory as to be completely lacking in probative value. *See id.*

In addition to the experts' opinions that Perez has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, the jury heard evidence of Perez's risk factors, actuarial test scores, criminal history, sexual offenses, and diagnoses. The jury was entitled to infer current serious difficulty controlling behavior based on Perez's past behavior, Perez's testimony, and the experts' testimony. *See id.* at *13; *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). The jury could reasonably conclude that Perez has

10

serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization. *See Mullens*, 92 S.W.3d at 887; *see also Almaguer*, 117 S.W.3d at 506; *Burnett*, 2009 Tex. App. LEXIS 9930, at *13. Such conclusions are implicit in a finding that Perez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See Grinstead*, 2009 Tex. App. LEXIS 228, at *16; *see also In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-13 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.).

Reviewing all the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Perez has a behavioral abnormality that predisposes him to commit a predatory act of sexual violence; therefore, the evidence is legally sufficient. *See Kansas v. Crane,* 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002); *see also Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule Perez's fifth and sixth issues.

## Protective Order

In issue two, Perez challenges the trial court's decision to grant the State's motion for protective order regarding Perez's request for admissions to the State. Perez argues that his requests did not seek the disclosure of privileged information and that the State's answers would have undermined its case. We review a trial court's discovery rulings for abuse of discretion. *In re Garth*, 214 S.W.3d 190, 193 (Tex. App.—Beaumont 2007, orig. proceeding).

In its motion for protective order, the State challenged the following requests for admissions as violating the work product privilege:

> Upon release from custody, the Respondent will be required to register as a sex offender.

> The Respondent's entire adult criminal record is contained in the Respondent's DPS and FBI records, provided by the State of Texas to the State Counsel for Offenders.

> The State did not offer the Respondent an opportunity to participate in Sex Offender Treatment during the first five years of his incarceration.

> The State did not offer the Respondent an opportunity to participate in Sex Offender Treatment during years six through eight of his incarceration.

> The State did not enroll the Respondent in Sex Offender Treatment at all during his incarceration.

12

The State did not offer the Respondent an opportunity to participate in Substance Abuse Treatment during the first five years of his incarceration.

The State assigned the Respondent a minimum custody status during his incarceration at the Texas Department of Criminal Justice.

The State has no evidence that Respondent has committed any sexual misconducts while incarcerated at the Texas Department of Criminal Justice.

The State has no evidence that Respondent has committed any sexual offenses while incarcerated at the Texas Department of Criminal Justice.

Respondent was not charged with any new sex offenses between his first and second incarcerations in the Texas Department of Criminal Justice.

Respondent did not get his parole revoked for any new sex offenses.

The State also challenged the following requests on grounds that they would be better answered by the State's designated experts:

The psychological assessment tools used by the experts for the State of Texas are unable to predict if a particular individual, such as the Respondent, is likely to commit a predatory act of sexual violence.

The psychological assessment tools used by the experts for the State of Texas are unable to predict if a particular individual, such as the Respondent, is likely to commit a future sexual act with the primary purpose of victimization.

The psychiatrist(s) listed as an expert by the State of Texas is not licensed in forensic psychology.

The psychiatrist(s) listed as an expert by the State of Texas is not board certified in forensic psychology.

The psychiatrist(s) listed as an expert by the State of Texas is not a licensed sex offender treatment provider.

The psychiatrist(s) listed as an expert by the State of Texas does not treat sex offenders.

The Minnesota Sex Offender Screening Tool – Revised (MnSOST-R), used by the State's experts, is based on a sample size of less than 300 subjects.

The State's experts cannot give a diagnosis of Pedophilia for the Respondent.

Generally, a party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter of the case. Tex. R. Civ. P. 192.3(a). Requests for admissions, however, should not be misused. *See Marino v. King,* 355 S.W.3d 629, 632 (Tex. 2011). They are intended to simplify trials, and are useful in addressing uncontroverted matters. *Id.* We will reverse a judgment upon a challenge to that court's discovery ruling when the appellant shows that the trial court abused its discretion and the trial court's error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal. *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 Tex. App. LEXIS 9541, at *23 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.); *see* Tex. R. App. P. 44.1(a).

14

Assuming without deciding that the trial court abused its discretion by granting the State's motion for protective order, we conclude that any error was harmless. The record indicates that Perez took depositions of the State's experts. Additionally, the trial court's docket control order required the State to produce the Multi-Disciplinary Team referral packet, which generally contains the offender's psychological evaluation, parole reviews, penitentiary packets, educational records, sex offender treatment program records or evaluations, medical records, and prison disciplinary records. *See In re Commitment of Sprague*, No. 09-10-00228-CV, 2011 Tex. App. LEXIS 4503, at **13-14 (Tex. App.—Beaumont June 16, 2011, no pet.) (mem. op.). Because the record demonstrates that Perez had access to other sources to obtain the information he sought in his request for admissions, any error in the trial court's decision to grant the State's motion for protective order did not cause the rendition of an improper judgment or prevent Perez from presenting his case on appeal. *See* Tex. R. App. P. 44.1(a). We overrule issue two.

Voir Dire

In issue three, Perez challenges the trial court's limitation of Perez's voir dire examination. We apply an abuse of discretion standard to the trial court's decisions regarding voir dire examination. *In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no pet.).

During voir dire, Perez's counsel asked, "Who here feels like they would violate the oath of a juror, which is to listen to all the evidence and follow the law that is given at the end of the trial, to keep a sex offender from living in their community or their neighborhood?" The State objected on relevance grounds and argued that counsel's question improperly called attention to the effect of the jurors' answers to the charge. Perez's counsel responded that the question was necessary to promote the exercise of peremptory strikes. Counsel then rephrased her question: "Who here feels that to keep a sex offender from entering their community that they are going to violate their oath as a juror to keep that from happening and to keep that individual out of their community?" The State again objected and, after an off-the-record discussion at the bench, the trial court sustained the State's objection. Perez's counsel then pursued a different line of questioning.

On appeal, Perez contends that it is proper to inquire into whether a potential juror's beliefs would cause the juror to violate that juror's oath. He maintains that his questions were aimed at determining the bias or prejudice of prospective jurors. He contends that the trial court's limitation of voir dire prevented him from discovering grounds to intelligently exercise peremptory challenges and challenges for cause.

A prospective juror is disqualified from serving on the jury when biased or prejudiced for or against a party. *In re Commitment of Barbee*, 192 S.W.3d 835, 845 (Tex. App.—Beaumont 2006, no pet.); *see* Tex. Gov't Code Ann. § 62.105(4) (West 2005). Accordingly, one purpose of voir dire is to find biased jurors and eliminate them from the jury panel. *Barbee,*192 S.W.3d at 845. The trial court should allow a party broad latitude to discover bias or prejudice by potential jurors. *Larkin*, 161 S.W.3d at 780. The trial court abuses its discretion when it denies the right to ask a proper question, preventing determination of whether grounds exist to challenge for cause or denying intelligent use of peremptory challenges. *Id*. at 783.

However, when voir dire examination includes a preview of the evidence, a trial court does not abuse its discretion by "'refusing to allow questions that seek to determine the weight to be given (or not to be given) a particular fact or set of relevant facts.'" *Barbee*, 192 S.W.3d at 846 (quoting *Hyundai Motor Co. v. Vasquez,* 189 S.W.3d 743, 753 (Tex. 2006)). In this case, the voir dire examination previewed a fact that would later be introduced during trial, namely that Perez had committed sexual offenses. For this reason, Perez's proffered questions previewed the fact that Perez was a sex offender, as evidence of his prior sexual offenses would be introduced during trial. *See In re McBride*, No. 09-09-00218-CV, 2010

17

Tex. App. LEXIS 7417, at **2-3 (Tex. App.—Beaumont Sept. 9, 2010, no pet.) (mem. op.). The questions could be viewed as an attempt to determine the weight that jurors might place on this type of evidence. *See id*. at *3. Additionally, the record does not indicate that the trial court foreclosed Perez from pursuing this line of questioning by proffering different questions. *See id*. Under these circumstances, we conclude that the trial court did not abuse its discretion by limiting Perez's voir dire examination. *See generally Day*, 342 S.W.3d at 218 (The trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to guiding rules or legal principles.). We overrule issue three.

## Jury Charge

In issue four, Perez contends that the trial court committed reversible error by refusing to split the jury question into two parts. Perez submitted a proposed charge that asked: (1) "Do you find beyond a reasonable doubt that [Perez] suffers from a behavioral abnormality?" and (2) "If a behavioral abnormality does exist, do you find beyond a reasonable doubt that the behavioral abnormality makes [Perez] likely to engage in a predatory act of sexual violence?" The trial court refused to submit these questions to the jury. Instead, the trial court submitted the following question to the jury: "Do you find beyond a reasonable doubt that [Perez] is a sexually violent predator?"

18

When, as here, a case is governed by statute, the jury charge should track the statutory language as closely as possible. *In re Commitment of Reed*, No. 09-11-00484-CV, 2012 Tex. App. LEXIS 2493, at **6-7 (Tex. App.—Beaumont Mar. 29, 2012, no pet.) (mem. op.). Whenever feasible, a trial court must submit the cause upon broad-form questions. *Id*. at *7. In this case, the trial court's jury charge tracked the language of the statute, broad-form submission was used, and definitions were submitted to assist the jury in answering the question of whether Perez is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Reed*, 2012 Tex. App. LEXIS 2493, at **6-7. Accordingly, we overrule Perez's fourth issue.

Supplemental Issue

In a supplemental issue, Perez argues that the Texas Supreme Court's decision in *In re Commitment of Bohannan*, ___ S.W.3d ___, No. 10-0605, 2012 Tex. LEXIS 734 (Tex. Aug. 31, 2012) (not yet released for publication) interpreted portions of the SVP statute in such a way as to render the statute facially unconstitutional. In *Bohannan*, the Texas Supreme Court explained that a behavioral abnormality is a condition that predisposes sexually violent conduct. *Bohannan*, 2012 Tex. LEXIS 734, at *14. The Court explained that "condition and predisposition are one and the same[,]" and "whether a person 'suffers from a

19

behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence' is a single, unified issue." *Id*. at \*\*13, 16-17.

Perez contends that *Bohannan* relieves the State of the burden of demonstrating that a person has a mental illness or disorder. However, this Court has previously concluded that "*Bohannan* did not eliminate any proof required by the statute for a sexually-violent-predator finding, nor did the Supreme Court change the statute or render it unconstitutional." *In re Commitment of Anderson*, ___ S.W.3d ___, No. 09-11-00613-CV, 2013 Tex. App. Lexis 602, at \*17 (Tex. App.—Beaumont Jan. 24, 2013, no pet. h.) (not yet released for publication). We, therefore, reject Perez's arguments and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 29, 2013
Opinion Delivered February 28, 2013
Before McKeithen, C.J., Gaultney and Kreger, JJ.