In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00268-CV**
_____

**IN RE COMMITMENT OF JORGE ROLANDO GARZA**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-10-11191-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Jorge Rolando Garza as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015). A jury found that Garza is a sexually violent predator, and the trial court signed a final judgment and an order of civil commitment. In two appellate issues, Garza argues that (1) Chapter 841 of the Health and Safety Code, as amended in 2015, is facially unconstitutional; and (2) the trial court erred by permitting the State to ask an improper commitment question during voir dire. We affirm the trial court's judgment and order of civil commitment.

ISSUE ONE

In issue one, Garza argues that Chapter 841 of the Health and Safety Code, as amended in 2015, is facially unconstitutional. Specifically, Garza complains that the 2015 amendments eliminated the outpatient treatment program and that Chapter 841 now requires committed persons to enter a tiered treatment program in a total confinement facility with the possibility of moving to less restrictive housing in the future, depending upon the person's progress in treatment. Citing *In re Commitment of Fisher*, 164 S.W.3d 637, 645-53 (Tex. 2005), in which the Texas Supreme Court rejected a facial constitutional challenge to the prior outpatient version of Chapter 841, Garza asserts that the 2015 amendments "tipped Chapter 841 into the punitive realm."

We recently addressed this issue in *In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186 (Tex. App.—Beaumont July 28, 2016, no pet. h.). In *May*, this Court addressed several factors in determining whether the amended statute is punitive, including: (1) affirmative disability or restraint; (2) civil commitment of sexually violent predators has historically not been viewed as punishment; (3) whether there was a finding of scienter; (4) the traditional aims of punishment; (5) the criminality of the behavior; (6) alternative purpose; and (7) excessiveness, and we concluded that May had not demonstrated that the 2015

2

amendments rendered Chapter 841 punitive. *Id*. at *4-6. This Court held that "as in *Fisher*, taken together, the factors considered in determining whether this civil statute, as amended, is punitive point to a conclusion that a commitment proceeding under Chapter 841 of the Texas Health and Safety Code, as amended in 2015, is a civil matter." *Id*. at *6. We decline to revisit our holding in *May*, and we reiterate that Chapter 841 of the Texas Health and Safety Code, as amended in 2015, is neither punitive nor facially unconstitutional. *See id*. Accordingly, we overrule issue one.

## ISSUE TWO

In his second issue, Garza complains that the trial court erred by allowing the State to ask an improper commitment question during voir dire. Specifically, Garza argues that the State "asked the venire . . . what types of things it would look for to determine whether or not Mr. Garza has 'truly changed.'" The record reflects that the State asked, "If someone has had a problem and they tell you that they've changed[,] what types of things would you look for to evaluate whether or not they've truly changed?" Garza's counsel objected that the question constituted an improper commitment question, and after the trial court overruled the objection, several veniremembers offered their responses. Garza argues that the trial court's alleged error in permitting the State to ask an improper commitment question

3

probably caused the rendition of an improper judgment because veniremember number four, who stated that she believed classes, medical treatment, or counseling would indicate change, was peremptorily struck by the State; therefore, she was not on the jury to evaluate Garza's case, which Garza states relied heavily on such evidence. According to Garza, it is "more than merely possible" that veniremember number four "would have given effect to Mr. Garza's evidence of change had she been on the jury."

Trial courts have broad discretion with respect to voir dire. *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 753 (Tex. 2006). Therefore, we review the trial court's decisions concerning voir dire for an abuse of discretion. *In re Commitment of Larkin*, 161 S.W.3d 778, 780 (Tex. App.—Beaumont 2005, no pet.). "Fair and impartial jurors reach a verdict based on the evidence, and not on bias or prejudice. Voir dire inquiries to jurors should address the latter, not their opinions about the former." *Vasquez*, 189 S.W.3d at 751-52 (footnotes omitted). Because the statutory standards for bias or prejudice in civil and criminal cases are the same, "voir dire standards should remain consistent." *Id*. at 753. Trial courts should allow counsel broad latitude to discover any bias or prejudice so that counsel may intelligently exercise peremptory challenges. *Id*. at 749. However, "[c]ounsel's latitude in voir

4

dire, while broad, is constrained by reasonable trial court control." *Id*. at 750 (footnote omitted).

"Commitment questions 'commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact.'" *Lydia v. State*, 109 S.W.3d 495, 498 (Tex. Crim. App. 2003). A voir dire question constitutes an improper commitment question when it is intended to create a bias or prejudice in a potential juror before the prospective juror has heard the evidence. *Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005); *see also Vasquez*, 189 S.W.3d at 753. It is improper for counsel to ask prospective jurors what their verdict would be if certain facts were proved. *Vasquez*, 189 S.W.3d at 751. When reviewing an issue regarding whether a question constitutes an improper commitment question, it is appropriate to consider the entire voir dire rather than a particular question in isolation. *See Halprin v. State*, 170 S.W.3d 111, 119 (Tex. Crim. App. 2005).

Viewing the particular question of which Garza complains, as well as the totality of the voir dire, we conclude that the question did not constitute an improper commitment question. The question did not commit a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact, nor was it intended to create a bias or prejudice in a potential juror

before the presentation of any evidence. *See Sanchez*, 165 S.W.3d at 712; *Vasquez*, 189 S.W.3d at 753.; *Lydia*, 109 S.W.3d at 498. The question was open-ended and simply inquired of prospective jurors what evidence they might find to be probative of change. The question did not ask the prospective jurors what their verdict would be if certain facts were proved. *Vasquez*, 189 S.W.3d at 751. In addition, Garza has not established that permitting the question likely caused the rendition of an improper judgment. Veniremember four's statement that classes, medical treatment, or counseling could indicate change does not mean that she would have favorably viewed Garza's evidence or convinced other jurors to do so. *See* Tex. R. App. P. 44.1(a)(1). For all of these reasons, we overrule issue two and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 6, 2016
Opinion Delivered August 25, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.